**James A. WATSON et al.,
Plaintiffs-Appellants,**

v.

**Dr. Allen L. AULT et al.,
Defendants-Appellees.**

**William PURDUE, Plaintiff-Appellant,**

v.

**Dr. Allen L. AULT, Director, et al.,
Defendants-Appellees.**

**William A. DURHAM,
Plaintiff-Appellant,**

v.

**Oree THOMPSON et al.,
Defendants-Appellees.**

**Nos. 75–1683 to 75–1685.**

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1976.

Jerry Patterson, Jackson, Ga., Alfred C. Aman, Atlanta, Ga. (Court-appointed), for plaintiffs-appellants in all cases.

Arthur K. Bolton, Atty. Gen., Lois F. Oakley, G. Thomas Davis, Asst. Attys. Gen., Richard L. Chambers, Deputy Atty. Gen., Atlanta, Ga., for defendants-appellees in all cases.

Before BELL, THORNBERRY and MORGAN, Circuit Judges.

BELL, Circuit Judge:

These appeals, consolidated for opinion purposes, are from orders of the district court denying the right to proceed in forma pauperis and dismissing as frivolous, pursuant to 28 U.S.C.A. § 1915(d), three separate pro se prisoner complaints asserted under the Civil Rights Act. 42 U.S.C.A. § 1983. Given notice pleading concepts and the extant authorities on administering in forma pauperis appeals under 28 U.S.C.A. § 1915, we hold that the dismissals were premature. Accordingly, we vacate and remand for further proceedings.

I.

The appellants are all state prisoners in the custody of the Georgia State Board of Corrections, confined at either the Reidsville State Prison or the Georgia Diagnostic and Classification Center at Jackson. The factual claims underlying their individual causes of action and the individual and collective actions of the district court with respect to the three petitions will first be summarized.

No. 75–1683

In No. 75–1683, petitioners Watson and Patterson filed a complaint on February 20, 1975, in the Middle District of Georgia alleging a cause of action under 42 U.S.C.A. § 1983. They sought damages and equitable relief against Dr. Allen Ault, Director of the Georgia State Board of Corrections, and against Dr. James E. Ricketts, Warden of the Georgia Diagnostic and Classification Center. The basis for the complaint was that their constitutional rights had been violated by the denial of procedural due process in a transfer to solitary confinement, by subjection to allegedly inhumane conditions in the prison, and by unwilling participation in a prisoner behavior modification program. To the complaint was attached an affidavit requesting leave to proceed in forma pauperis.

No. 75–1684

In No. 75–1684, appellant Purdue filed a complaint on February 7, 1975, based on the Civil Rights Act, 42 U.S.C.A. § 1983, similarly petitioning the court to proceed in forma pauperis. The defendants in his suit were also Doctors Ault and Ricketts. The complaint alleged comparable violations of constitutional rights stemming from allegedly unbearable living conditions at the prison, and from a transfer to apparently punitive confinement without being accorded procedural due process. Appellant Purdue also attached an affidavit requesting leave to proceed in forma pauperis.

No. 75–1685

In No. 75–1685, appellant Durham originally filed his complaint in the Southern District of Georgia against various persons alleged to have violated his constitutional rights in the investigation and prosecution of the crime for which he had been imprisoned. These violations included a lack of probable cause for his arrest, an appearance in a lineup without counsel, a failure to arraign him for seventeen days after arrest, coercion into signing an involuntary confession, and an assertion that his guilty plea was involuntary. Although the nature of the asserted wrongs were such as normally

support a writ of habeas corpus, he sought damages rather than release. The court therefore did not require exhaustion of state remedies and allowed the complaint to be filed in the Southern District. Because all the parties except Durham were residents of a county in the Middle District of Georgia, the court transferred the case to that district under 28 U.S.C.A. § 1404. Appellant Durham had also included an affidavit in forma pauperis, which was not ruled upon by the district court in the Southern District. All pleadings in the case were transferred to the Middle District of Georgia on November 22, 1974.

## The Actions of the District Court

The order of the district court dismissing each complaint as frivolous under 28 U.S.C.A. § 1915(d) was essentially the same in each case, and is reproduced in the margin.[1] The apparent basis for the district court's dismissal was the lack of additional facts to support whatever claim had been presented in the original complaints, as evidenced by the failure or refusal of appellants to respond to a court questionnaire intended to develop facts. Having found the complaints to be frivolous, the district court ordered that the three complaints be filed for record purposes only and otherwise dismissed them on the day that each complaint was so filed.

1. The orders provided as follows:
   Petitioners requested this court to permit their petition to be filed in forma pauperis. This court for the purposes of determining whether or not petitioner's request should be granted sent to the petitioners a form to be filled out and returned to the clerk of this court, which form if completed would have put the court in position to fairly determine whether or not petitioners' request should be granted. Petitioners after having ample time to do so have failed to comply with requests of the court and the court accordingly does not have sufficient information to determine whether or not petitioner should be allowed to proceed in forma pauperis. Accordingly petitioners' request to so proceed is hereby denied.
   The order in No. 75–1685 also noted the transfer of that case from the Southern District of Georgia.

All of the petitioners filed notice of appeal, requesting leave to appeal in forma pauperis from the district court's dismissal of their respective complaints. The district court filed a single order granting leave to appeal in forma pauperis to all of the petitioners "out of an abundance of caution" because no decision by this court had previously approved the procedure that it had followed with respect to these complaints. In that order the district court amplified its reasons for using a questionnaire to ascertain whether there was any substance to the three complaints. Because none of the petitioners had returned the questionnaire, it was noted that "the court could only proceed on its initial impression and belief that each of said complaints [was] frivolous and more than likely also malicious."

The district court noted the difficulties faced by district courts in sifting through the large volume of pro se prisoner petitions and stated that it was considered within its discretion under 28 U.S.C.A. § 1915 to have adopted such a procedure. Quoting *Jones v. Bales,* N.D. Ga., 1972, 58 F.R.D. 453, *aff'd,* 5 Cir., 1973, 480 F.2d 805, authority was found to dismiss such complaints simultaneously with filing where the complaint and the questionnaire did not demonstrate an adequate factual basis for the asserted cause of action.[2]

2. The district court in *Jones v. Bales,* N.D.Ga., 1972, 58 F.R.D. 453, adequately summarized the problem and a possible solution as follows:
   It is plain to this Court that courts need an extra measure of authority when faced with actions proceeding in forma pauperis—particularly where the action is brought by a prisoner seeking damages. And it is this court's conclusion that Congress has granted that extra authority by enacting 28 U.S.C.A. § 1915(d). In light of 1915(d)'s general purpose, the specific term "frivolous" refers to an action in which the plaintiff's realistic chances of ultimate success are slight. (Citations omitted). This is not to say that such suits should not be allowed filed or be dismissed abruptly or that a court should readily assume frivolity because it is prisoner filed. To the contrary, it is incumbent upon the court to develop the case and to sift the claims and known facts thoroughly until completely satisfied either of its

## II

### Prisoner litigation

In recent years, the federal courts have assumed an increasing burden of numerous law suits by federal and state prisoners challenging the conditions of their confinement.[3] *See Hines v. Askew,* 5 Cir., 1975, 514 F.2d 673, and cases cited therein. For state prisoners, the normal basis for such claims is an allegation that some constitutional right has been violated. The path to the federal courthouse is therefore through the cause of action granted by the Civil Rights Act, 42 U.S.C.A. § 1983.[4]

While on some occasions the wrongs asserted by the prisoner are of constitutional dimension, on many occasions the complaints, if not frivolous, do not rise to the level of a denial of federal constitutional rights. See Aldisert, Judicial Expansion of Federal Jurisdiction: A Federal Judge's Thoughts on Section 1983, Comity and the Federal Caseload, 1973, Law & Social Order, 557, 573, *et seq.* The difficult task facing the courts

is to winnow out the wheat from the unusual amount of chaff necessarily presented in a system which fosters pro se litigation. This case results from the efforts of one federal district court to respond to that problem.

### Section 1915

■ Aside from the willingness of courts to review conditions of confinement, a second statutory provision has in tandem helped cause the increase in prisoner litigation. This is the ability under 28 U.S.C.A. § 1915 to commence an action *in forma pauperis* without prepayment of fees and costs for security, where so authorized by a district court.[5] The difficulty in this case is the confusion arising from the district court's treatment of two separate subsections of that provision. Subsection (a) of § 1915 authorizes the filing of a suit in forma pauperis, by a person who makes an affidavit that he is "unable to pay . . . costs or give security therefor." Subsection (d) of § 1915 states that the court "may dismiss the case if the allegation

---

merit or lack of same. In the former instance, the case should proceed with the assistance of the court. However, upon reasonable effort where the contrary appears, it should be dismissed. Here the Court has endeavored to apply this leavening process and what has surfaced is found wanting.
58 F.R.D. at 464.

3. This burden is reflected in the following statistics included in the 1975 Report of the Director of the Administrative Office of the United States Courts (hereinafter referred to as Report). In 1966, there were 216 civil rights petitions filed in federal district courts by state prisoners; in 1975, there were 6,128, or an increase of 2711 per cent. Report, Table 24 at XI–49. In recent years, prisoner petitions have accounted for approximately 18 per cent of all civil petitions filed with federal district courts, although this figure dropped slightly in 1975 due to an increase in other civil litigation. Id. at XI–51. The impact of prisoner petition appeals on the courts of appeals varies with each circuit, but in the Fifth Circuit 4.4 per cent of all appeals, or 130 out of a total of 2,934 in 1975, were state prisoner civil rights cases. Id., Table B–7 at A–10. State prisoner habeas corpus appeals accounted for 278 appeals or another 9.5 per cent. Id.

4. An additional advantage to the state prisoner who brings a cause of action under the Civil

Rights Act is that he is not required to exhaust either state judicial or administrative remedies prior to bringing his suit in federal court. *Wilwording v. Swenson,* 1971, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418. It is noted that this question is again before the Supreme Court. *McCray v. Burrell,* 4 Cir., 1975, 516 F.2d 357, *cert. granted,* —— U.S. ——, 96 S.Ct. 264, 46 L.Ed.2d 249 (1975).

5. 28 U.S.C.A. § 1915 provides, in pertinent part:

(a) Any court of the United States may authorize the commencement, prosecution or defense of suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

\*   \*   \*   \*   \*   \*

(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

of poverty is untrue, or if satisfied that the action is frivolous or malicious." Under Subsection (a), the commencement or filing of the suit depends solely on whether the affiant is economically eligible. The only determination to be made by the court under § 1915(a), therefore, is whether the statements in the affidavit satisfy the requirements of poverty. *See Campbell v. Beto,* 5 Cir., 1972, 460 F.2d 765, 768; *Lockhart v. D'Urso,* 3 Cir., 1969, 408 F.2d 354.

■ Section 1915(d) allows a measure of control by the district court over such suits by allowing the court to dismiss a case where it is satisfied that an action is frivolous or malicious. The keystone of such dismissal is the court's exercise of discretion under Section 1915(d). The focal point of that discretion is the court's duty to satisfy itself that the action is frivolous or malicious. In making that determination, unless it appears as a matter of law, it necessarily follows that the court must ascertain whether there is a factual basis for the petitioner's suit. *See Jones v. Bales, supra.*

■ In assessing the legal sufficiency of a complaint, the customary standard has been stated by the Supreme Court in *Conley v. Gibson,* 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, to require that:

a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

355 U.S. 45–46, 78 S.Ct. at 102, 2 L.Ed.2d at 84.

In *Haines v. Kerner,* 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, the court placed a gloss on ordinary notice pleading concepts by holding that a pro se prisoner complaint is governed by "less stringent standards than formal pleadings drafted by lawyers." 404 U.S. at 520, 92 S.Ct. at 596, 30 L.Ed.2d at 654. This circuit has explicitly applied this broader standard to prisoner suits. *Campbell v. Beto, supra; Demps v.*

*Wainwright,* 5 Cir., 1975, 522 F.2d 192; *Gamble v. Estelle,* 5 Cir., 1975, 516 F.2d 937.

### III

Given the nature of the problem and the relevant legal standards, we now consider the appropriate procedural responses that can be made by the district court. We are aided in our disposition of this appeal by the efforts of a committee chaired by Judge Aldisert and appointed by the Federal Judicial Center to study the handling of prisoner civil rights cases throughout the country and to propose procedures for the more effective handling of such cases. The Committee's final report to the Federal Judicial Center, "Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts (Oct. 6, 1975)," (hereinafter Recommended Procedures) has been utilized.

*Filing and Eligibility*

■ A district court's dismissal of a prisoner's pro se petition prior to filing has been considered and rejected by this court. In *Campbell v. Beto,* 5 Cir., *supra,* this court, speaking through Chief Judge Brown, held that:

the better course in judicial administration in this dynamic field [is] for the District Court to allow the case to be docketed without prepayment of costs and then, if appropriate, dismiss instead of refusing to allow the case docketed even though at that stage it is judicially determined that the complaint does not state a claim on which relief could be granted.

460 F.2d at 768.

Thus, as here, where the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question presented under Section 1915(d) of whether the asserted claim is frivolous or malicious.

At this point, the district court may employ flexibility and creativity in exercising its discretion under § 1915(d). In

some cases, even under the broadest and most liberal standard of pleading, the plaintiff may state no cause of action. If this be the case, then the district court would be correct in dismissing, after filing, such a claim as being facially frivolous under 28 U.S.C.A. § 1915(d). In others, the complaint will impose upon the district court a duty to ascertain whether there is any factual basis for the asserted claim. In those cases where a defect in the complaint is curable, the court should allow amendment. Recommended Procedures, at 25.

### Section 1915(d) determination

■■ In determining whether a particular prisoner complaint is frivolous or malicious under Section 1915(d), the threshold issue for the trial court is an assessment of the substance of the claim presented, i. e., is there a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded. The test of frivolity in the context of Section 1915(d) in the trial court, has not been defined. In *Anders v. California*, 1967, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493, 498, the Supreme Court in a criminal case defined a frivolous appeal as being one without arguable merit. In our view this same test or standard should be applied in the trial court but in terms of the arguable substance of the claim presented, both in law and in fact.

We do not perceive that the district court in the cases now before this court followed these procedures. The determination of frivolity was in each instance made on the complaint plus the failure of plaintiffs to respond to a court questionnaire. Taking the complaints alone, it is clear that they alleged causes of action if considered in light of the *Haines v. Kerner* gloss fashioned for pro

se prisoner petitions. The imposition of the questionnaire resulted in the proceeding being truncated short of answer and factual determination.

This is not to say that it was improper to use the questionnaire approach in pro se cases of the type here presented. The employment of a form questionnaire is a useful means by which the court can develop the factual basis for the prisoner's complaint.[6] The more difficult problem, however, is that of framing the questions to insure that responses are given and are also of some use. Thus, the form should be simple enough for the average prisoner to understand the questions. The form should be concise and pertinent to a claim asserted under the Civil Rights Act. The form of questionnaire recommended by the Federal Judicial Center committee, *supra,* seems appropriate for use in making the legal and factual determination necessary to adjudicating pro se prisoner matters either under Section 1915(d) or at a later stage on motion or on the merits.[7] We append hereto a copy of the recommended questionnaire.

In sum, assuming forma pauperis status, the prisoner complaints must be filed. At that point, complainants may be required to respond to the questionnaire as a necessary pleading auxiliary, in the nature of a motion for more definite statement, Rule 12(e), F.R.Civ.P., in order that the court may assess the factual and legal bases of the claim asserted. Because the answers to the questionnaire will effectively amplify the original allegations in the prisoner's complaint, *cf.* Rule 15(a), F.R.Civ.P., they are an integral part of that complaint and not a separate, independent pleading. The questionnaire is, therefore, not an additional pleading in violation of the command of Rule 7(a), F.R.Civ.P.

---

**6.** The questionnaire will also aid in ferreting out those instances where prisoners abuse the processes of the court by multiple filings. Cf. *Hardwick v. Brinson,* 5 Cir., 1975, 523 F.2d 798.

**7.** We have alluded elsewhere to one alternative for the district court in ascertaining whether there is a factual basis for the allegations set forth in the pro se complaint. *See Hardwick v. Ault,* 5 Cir., 1975, 517 F.2d 295. This is the use of a "special report," to be filed by respondent prison or state officials.

■ This brings us to the claim that service of process was required immediately upon the complaints being filed. Having approved the use of the questionnaire as a pleading auxiliary, we think it appropriate to withhold service of process pending receipt of the questionnaire. At that point the pro se complaint is complete, and unless dismissed, service of process will be required pursuant to Rule 4(a), F.R.Civ.P. *Cf. Wartman v. Branch 7 Civil Division, County Court, Milwaukee County,* 7 Cir., 1975, 510 F.2d 130, on its surface contra, but where the use of a questionnaire and its relationship to Rule 4(a) were not considered by the court.

■ Having found that the dismissal by the district court of the prisoner pro se petitions was procedurally deficient, we vacate and remand for further proceedings not inconsistent with this opinion.

Vacated and remanded.

## MODEL FORM FOR PRISONER
## CIVIL RIGHTS COMPLAINTS
## RECOMMENDED BY THE FEDERAL
## JUDICIAL CENTER COMMITTEE

*Instructions for Filing Complaint by Prisoners under the Civil Rights Act, 42 U.S.C. § 1983*

This packet includes four copies of a complaint form and two copies of a forma pauperis petition. To start an action you must file an original and one copy of your complaint for each defendant you name and one copy for the court. For example, if you name two defendants you must file the original and three copies of the complaint. You should also keep an additional copy of the complaint for your own records. *All copies of the complaint must be identical to the original.*

*The clerk will not file your complaint unless it conforms to these instructions and to these forms.*

Your complaint must be legibly handwritten or typewritten. The plaintiff or plaintiffs must sign and swear to the complaint. If you need additional space to answer a question, you may use the reverse side of the form or an additional blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within this district. Further, it is necessary for you to file a separate complaint for each claim that you have unless they are all related to the same incident or issue.

In order for this complaint to be filed, it must be accompanied by the filing fee of $15. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis. Two blank petitions for this purpose are included in this packet. One copy should be filed with your complaint; the other copy is for your records.

After filling in the petition, you must have it notarized by a notary public or other officer authorized to administer an oath.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.

When these forms are completed, mail the original and the copies to the Clerk of the United States District Court for the _____

(local court should insert appropriate address here)

FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

In the United States District Court

For _____

_____
_____
_____

[Enter above the full name of the plaintiff or plaintiffs in this action.]

v.

_____
_____
_____

[Enter above the full name of the defendant or defendants in this action.]

I.  Previous Lawsuits

    A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

                    Yes [   ]  No [   ]

    B.  If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.  Parties to this previous lawsuit

        Plaintiffs: _____

        Defendants: _____

2.  Court [if federal court, name the district; if state court, name the county]:

3.  Docket number: _____
4.  Name of judge to whom case was assigned: _____
5.  Disposition [for example: Was the case dismissed? Was it appealed? Is it still pending?]: _____

6.  Approximate date of filing lawsuit: _____
7.  Approximate date of disposition: _____

II. Place of Present Confinement: _____

   A.  Is there a prisoner grievance procedure in this institution?
       Yes [  ]  No [  ]
   B.  Did you present the facts relating to your complaint in the state prisoner grievance procedure?
       Yes [  ]  No [  ]
   C.  If your answer is YES:
       1.  What steps did you take? _____

       2.  What was the result? _____

   D.  If your answer is NO, explain why not: _____

III. Parties
    [In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.]

   A.  Name of plaintiff _____
       Address _____

    [In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.]

   B.  Defendant _____ is employed as _____
       _____ at _____
   C.  Additional Defendants: _____

IV. Statement of Claim
    State here as briefly as possible the *facts* of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a

separate paragraph.  [Use as much space as you need.  Attach extra sheet if necessary.]

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

V.  Relief

*State briefly exactly what you want the court to do for you.* Make no legal arguments.  Cite no cases or statutes.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Signed this _____ day of _____, 19___.

_____
_____
_____

[Signature of plaintiff or plaintiffs]

VERIFICATION

State of _____

County of _____

_____, being first duly sworn, under oath, says:  that he is the plaintiff in this action and knows the content of the above complaint; that it is true of his own knowledge, except as to those matters that are stated in it on his information and belief, and as to those matters he believes them to be true.

_____

[Signature of affiant-plaintiff]

Subscribed and sworn to before
me this _____ day of _____,
19___.

---

[Notary Public or other person
authorized by law to administer
an oath]

---

[Insert appropriate court]

---

(Petitioner)

v.

---

(Respondent(s))

AFFIDAVIT IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS

I, _____, being first duly sworn, depose and say
that I am the petitioner in the above entitled case; that in support of
my motion to proceed without being required to prepay fees, costs or
give security therefor, I state that because of my poverty I am unable
to pay the costs of said proceeding or to give security therefor; that I
believe I am entitled to redress.

I further swear that the responses which I have made to questions
and instructions below are true.

1. Are you presently employed? Yes _____ No _____
    a. If the answer is yes, state the amount of your salary or wages
    per month, and give the name and address of your employer.

    _____

    b. If the answer is no, state the date of last employment and the
    amount of the salary and wages per month which you received.

    _____

2. Have you received within the past twelve months any money from
    any of the following sources?
    a. Business, profession or form of self-employment? Yes __ No__
    b. Rent payments, interest or dividends? Yes __ No __
    c. Pensions, annuities or life insurance payments? Yes __ No __
    d. Gifts or inheritances? Yes __ No __
    e. Any other sources? Yes __ No __
    If the answer to any of the above is yes, describe each source of
    money and state the amount received from each during the past
    twelve months. _____

3. Do you own any cash, or do you have money in a checking or savings
    account? Yes __ No __ (Include any funds in prison accounts)
    If the answer is yes, state the total value of the items owned.

    _____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? Yes ___ No ___
    If the answer is yes, describe the property and state its approximate value. _____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. _____

I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

_____
(Petitioner's signature)

State of _____.
County (City) of _____.

_____, being first duly sworn
        (Name of Plaintiff)
under oath, presents that he has read and subscribed to the above and states that the information therein is true and correct.

_____
Signature of Plaintiff
(Required as to each
plaintiff)

Subscribed and sworn to before me this
_____ day of _____, 19____.

_____
Notary Public or Other
person authorized to
administer an oath

Certificate

I hereby certify that the plaintiff herein has the sum of $_____ on account to his credit at the _____ institution where he is confined. I further certify that plaintiff likewise has the following securities to his credit according to the records of said _____ institution: _____

_____
_____
_____

_____
Authorized Officer of
Institution