Alvaro L. HERNANDEZ, Plaintiff,

v.

William H. EARNEY, District Judge; Aubrey Edwards, District Attorney; and Helen Crone, District & County Clerk, 83rd Judicial District, Brewster County, Texas, Defendants.

No. P–80–CA–20.

United States District Court,
W.D. Texas,
Pecos Division.

March 10, 1983.

Alvaro L. Hernandez, plaintiff, pro se.

Ann Kraatz, Asst. Atty. Gen. of Tex., Austin, Tex., for William Earney.

Robert Junell of Webb, Stokes & Sparks, San Angelo, Tex., for Aubrey Edwards and Helen Crone.

## ORDER OF DISMISSAL

HUDSPETH, District Judge.

This is a suit for damages and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff Alvaro L. Hernandez is a prisoner in the Texas Department of Corrections, where he is serving a life sentence arising out of a 1976 conviction for capital murder.[1] Some years before, in 1970, Plaintiff had been convicted in the 83rd District Court of Brewster County, Texas, of the offense of assault with intent to rob, and had been sentenced to three years' imprisonment. On August 31, 1978, Plaintiff filed an application for a writ of habeas corpus in the state district court, in which he contended that the 1970 indictment was defective. Judge Earney, the presiding judge of the 83rd Judicial District, denied the application without a hearing on September 11, 1978.

---

**1.** Plaintiff has collaterally attacked that conviction in this Court. *See Hernandez v. Estelle,* No. P–81–CA–15. He has perfected an appeal from this Court's order denying habeas corpus relief.

Plaintiff filed the instant complaint on June 26, 1980, alleging that Judge Earney, District Attorney Edwards, and District Clerk Crone had conspired to violate his constitutional rights by failing to forward his habeas corpus application to the Texas Court of Criminal Appeals. This Court allowed the filing of the complaint in forma pauperis, and ordered service of process upon the Defendants. Service was later accomplished, and answers were filed by all Defendants by October 9, 1980.

On October 21, 1980, Plaintiff wrote a letter to all three Defendants. A copy of the letter is attached to this Order as Exhibit "A." In his letter, Plaintiff offered to dismiss his complaint if all Defendants would recommend to the Court of Criminal Appeals that Plaintiff be granted habeas corpus relief on his capital murder conviction.

■ Commencement of a civil suit without prepayment of costs may be allowed by a district court if the Plaintiff makes affidavit that he is unable to pay the costs or give security therefor. 28 U.S.C. § 1915(a). After filing in forma pauperis is allowed, however, the court may dismiss the case "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). In other words, if the Plaintiff's affidavit is sufficient on its face to demonstrate economic eligibility, the district court should order the case docketed, and then proceed to determine whether it should be dismissed under Section 1915(d). *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir.1976). Although courts have frequently discussed the meaning of "frivolous" in this context, *see Watson v. Ault, supra* at 892, little attention has been devoted to defining the word "malicious," even though the two words are used in the disjunctive in Section 1915(d). See Bagwell, Procedural Aspects of Prisoner § 1983 and Section 2254 Cases in the Fifth and Eleventh Circuits, 95 F.R.D. 435, 441 (1982).[2] Nevertheless, appellate courts have on occasion found a prisoner's filings

under 42 U.S.C. § 1983 to be both frivolous and malicious. *Green v. Carlson,* 649 F.2d 285 (5th Cir.1981).

■ The word "malicious" is defined in Black's Law Dictionary (West 1968) to mean

"Characterized by, or involving malice; having or done with, wicked or mischievous intentions or motives; wrongful and done intentionally without just cause or excuse."

The filing of Plaintiff's complaint in the instant case clearly qualifies as an act "... done with wicked or mischievous intentions or motives." Although his motive was not apparent at the time the complaint was allowed to be filed, his letter of October 21 demonstrates that Plaintiff's purpose was extortion. The complaint is "malicious" within the meaning of Section 1915(d), and it should be dismissed.

■ That dismissal of the complaint is proper is reinforced by the conclusion that it is probably "frivolous" as well. Frivolous has been defined to mean without arguable merit, either in law or in fact. *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir.1981); *Watson v. Ault, supra* at 892. In the instant case, Plaintiff probably cannot demonstrate that the alleged improper actions of the Defendants caused him any harm. First, assuming *arguendo* that Defendants did fail to forward Plaintiff's writ application to the Texas Court of Criminal Appeals, a remedy was readily available to Plaintiff. The Texas Code of Criminal Procedure, Art. 11.07, Sec. 2(a), provides that all writs of habeas corpus after a final felony conviction are returnable to the Court of Criminal Appeals in Austin. The only function of a state trial court in post-conviction habeas proceedings is to determine disputed fact issues. *See Ex parte Young,* 418 S.W.2d 824 (Tex.Crim.1967). Plaintiff's habeas corpus application presented no fact issues, but attacked the sufficiency of the indictment. Nothing prevented Plaintiff, an experi-

---

**2.** The commentator suggests that "malicious" in the context of § 1983 suits resembles the

habeas doctrine of "abuse of the writ."

enced and sophisticated jailhouse lawyer,[3] from direct submission of his habeas corpus application to the Texas Court of Criminal Appeals. Second, the conviction complained of in Plaintiff's allegedly thwarted habeas corpus petition occurred in 1970, and resulted in a three-year sentence. As of 1978, Plaintiff was no longer restrained of his liberty by virtue of such conviction. On the contrary, Plaintiff was and is serving a life sentence imposed in 1976 upon a conviction for capital murder. Finally, it should be noted that two of the Defendants, Judge Earney and District Attorney Edwards, possess absolute immunity against any award of money damages arising from actions taken in their respective official capacities. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (Judge); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (Prosecutor).

In the context of the instant case, it is unnecessary to rule upon whether Plaintiff's suit is frivolous, or whether it would be the proper subject of a motion to dismiss or a motion for summary judgment. The Court finds that dismissal is proper under Section 1915(d), on the grounds that the suit is malicious.

It is therefore ORDERED that the Plaintiff's complaint be, and it is hereby, DISMISSED.

EXHIBIT A

ALVARO L. HERNANDEZ, JR.

Texas Department of Corrections

Prison Number 255735

Ellis Unit G–15

Huntsville, Texas 77340

- - - - - - - - - - - - - - - - - -

October 21, 1980

Trial Court Officials
83rd Judicial District Court
Pecos County Texas
Fort Stockton, Texas 79735

Re: *State of Texas v. Alvaro L. Hernandez, Jr.*

*83rd Judicial District Court*

*Pecos County Texas (Cause NO. 1234)*

Dear Trial Court Officials:

This day I submitted a pro se Application for a Writ of Habeas Corpus challenging the validity of my Capital Murder conviction in Cause NO. 1234 entered against me on January 20, 1976, in the 83rd Judicial District Court of Pecos County, Texas, the Honorable William H. Earney, State District Judge, Presiding Judge, and the Honorable Aubrey Edwards, state prosecuting attorney. My sole contention involves a challenge to the sufficiency of the evidence under the recently enunciated standard laid down by the U.S. Supreme Court in *Jackson v. Virginia,* —— U.S. ——, 99 S.Ct. 2781 (June 28, 1979), given retroactive application by the Court of Criminal Appeals in *Ex Parte Reynolds,* 588 S.W.2d 900 (Tex.Crim. App.1979). As we all know, my co-defendant's conviction was reversed and dismissed by the Texas Court of Criminal Appeals on the ground of insufficient evidence and the decision is officially reported at *Hernandez v. State,* 578 S.W.2d 731 (Tex.Crim.App. March 28, 1979).

In this connection, there should be no doubt in anyones mind that I will ultimately be granted relief in the near future, in the state or federal forum because I will insist upon the vindication of my rights, wrongs that would and will shock the conscious of any man or court of law. I have currently pending in the Federal District Court in Pecos, Texas, two (2) Civil Rights actions, one, *Hernandez v. Skinner,* Brew-

---

**3.** A court may take judicial notice of its own records. *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir.1972). Plaintiff's experience as a *pro se* litigant is documented by his filings in this Court. A partial list is attached as Exhibit "B" to this Order. Furthermore, in a complaint styled *Hernandez v. Montes,* No. EP–80–CA–377, Plaintiff revealed that he serves as Second Vice Chairman of the Committee to Safeguard Prisoners' Rights, a national organization of jailhouse lawyers.

ster Co., Sheriff, Brewster Co., Commissioners Court, Civil Action NO. P–77–CA–30, (W.D.Texas Pecos Div.), (Jail Conditions Suit); and two, *Hernandez v. Earney,* District Judge, Edwards, prosecutor, Crone, court clerk, Civil Action NO. P–80–CA–20, (W.D.Texas Pecos Div.), (Conspiracy to deny access to Courts). I am also awaiting for additional 42 U.S.C. S.1983 forms from the Federal Court in Pecos and intent to initiate a civil rights action against Mr. Edwards in the very near future alleging a deprivation of my rights on account of him personally co-signing a bank note for $1,000 for the alleged accomplice witness in my state trial that transpired well *before* my trial begun on January 12, 1976, and after my indictment in Brewster County, Texas. I have in my possession photostat copies of the bank note in question and all other pertinent documents to substantiate my allegations in which Mr. Edwards will not be able to clothe himself with absolute prosecutorial immunity from liability in that, ostensibly, he exceeded the scope of his prosecutorial duties. See, *Imbler v. Pachtman,* 424 U.S. 409 (1976)

The gist of my letter is this, if you all trial court officials, recommend to the Texas Court of Criminal Appeals that I be granted relief in my pending post conviction petition for habeas corpus relief, I will dismiss, with prejudice, the two (2) aforementioned civil rights suits. Either this is handled now, and save time and money to the taxpayers of Brewster County and the State of Texas, or we do it at a later date, and impose a financial burden not only on the taxpayers but on all defendants in those suits.

Please let me know of your positions in this matters at your earliest convenience. If I don't hear from you all in ten (10) days, I take it that your response is negative.

By copies of this letter, I am this day forwarding a copy of same to the persons listed below.

Thank you for your kind considerations in this matters, I remain,

Very Truly Yours,

/s/ Alvaro L. Hernandez, Jr.

ALVARO L. HERNANDEZ, JR.

alhjr-files
cc: Hon. William H. Earney, Judge
83rd Judicial District Court
P.O. Box B
Marfa, Texas

cc: Mrs. Helen Crone, Clerk
83rd Judicial District Court
P.O. Drawer 119
Alpine, Texas 79830

cc: Hon. Aubrey Edwards
District Attorney
83rd Judicial District Court
311 2nd St.
Big Lake, Texas

cc: Brewster Co. Commissioners Court
83rd Judicial District Court
P.O. Drawer 119
Alpine, Texas 79830

## EXHIBIT B

### LIST OF CASES FILED BY ALVARO L. HERNANDEZ IN THE WESTERN DISTRICT OF TEXAS

| Number | Style of Case |
| --- | --- |
| P–77–CA– 6 | Alvaro L. Hernandez v. Clarence Ten Eyck, et al. |
| P–77–CA– 30 | Alvaro L. Hernandez v. Jim Skinner, et al. |
| P–78–CA– 24 | Alvaro L. Hernandez v. W. J. Estelle, Jr. |
| P–78–CA– 30 | Alvaro L. Hernandez v. W. J. Estelle, Jr. |
| P–80–CA– 20 | Alvaro L. Hernandez v. William H. Earney, et al. |
| EP–80–CA–377 | Alvaro L. Hernandez v. Ramon Montes et al. |
| P–81–CA– 14 | Alvaro L. Hernandez v. Raul Flores, et al. |
| P–81–CA– 15 | Alvaro L. Hernandez v. W. J. Estelle, Jr. |
| P–81–CA– 16 | Alvaro L. Hernandez v. Aubrey Edwards, et al. |