Larry J. HUNTER, Petitioner,

v.

David EVANS and Lanson Newsome, Respondents.

No. 85–8763
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 23, 1986.

Neal B. Childers, Atlanta, Ga., for respondents.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant Larry Hunter brings this pro se appeal from the district court's refusal to docket his petition for habeas corpus. Appellant had previously filed a habeas petition but that was dismissed on April 24, 1985 for failure to exhaust available state remedies for some claims. Rather than submit the unexhausted claims to state court, appellant attempted to file on April 29 another habeas petition. That was denied docketing and again appellant submitted another petition, the subject of this appeal. This third petition was also denied docketing on June 17, 1985. Appellant contends that that denial was wrongful because he had abandoned his unexhausted claims and sought immediate federal review of the remaining claims in the subsequent petitions.

Appellant does have the right to bring his exhausted claims into federal court immediately. Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), appellant has the option of amending his initial "mixed petition" to eliminate the unexhausted claims rather than repairing to state court. Filing a separate revised petition is equally appropriate. Yet, we cannot say that appellant has correctly exercised his rights under *Rose* since neither of his subsequent petitions were made part of the record. This lapse is not attributable to appellant, however, for the petitions should have become part of the record as a matter of course. Appellant brought his petitions pro se under 28 U.S.C. § 1915, in forma pauperis. Upon receipt of such a petition, the district court should have first docketed the petition and then considered the sufficiency of the allegations. *See Watson v. Ault*, 525 F.2d 886 (5th Cir.1976) (petition should be docketed

once economic eligibility determined). In that way, the petition would become part of the record available for review on appeal from dismissal. Since the district court did not comply with this procedure, the order refusing to docket the petition shall be vacated and the case remanded for further proceedings in accord with *Watson.*

VACATED and REMANDED.