ORDER
ELMO B. HUNTER, Senior District Judge.
Before the Court is plaintiffs motion requesting an order granting him the “full benefits of the statute’s [the Veterans’ Reemployment Rights Act, 38 U.S.C.A. § 4301, et seq.] no taxation of costs provisions.” Plain *1407 tiff urges (1) that he be granted the same benefits as an individual proceeding informa pauperis, pursuant to 28 U.S.C.A. § 1915 and (2) that the defendant be required to post bond or other security with the Court to pay the costs incurred by the plaintiff in advancing this litigation as they come due. In addition to shifting plaintiffs costs of prosecuting this litigation to defendant, he also requests the Court to Order the United States to incur certain costs of this litigation.
Plaintiff in this action pleads four (4) counts alleging that defendant violated certain rights of his by its decision not to hire him. Relevant to the instant motion, Count I of his complaint alleges defendant’s decision not to hire him violated certain sections of the Veterans’ Reemployment Rights Act, 38 U.S.C.A. § 4301, et seq. (also referred to as the “Act”).
I.
Section 4302 of Title 38, United States Code, provides, in pertinent part:
If any employer, who is a private employer or a State or political subdivision thereof, fails or refuses to comply with the provisions of [specified sections] of this title, the [appropriate] district court of the United States ... shall have the power, upon filing of a motion, petition or other appropriate pleading by the person entitled to the benefits of such provisions, specifically to require such employer to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by reason of such employer’s unlawful action.... Upon application to the United States attorney or comparable official ... by any person entitled to such benefits ■provided for in such provisions, such United States attorney or official, if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading and the prosecution thereof specifically to require such employer to comply with such provisions. No fees or court costs shall be taxed against any person who may apply for such benefits....
38 U.S.C.A. § 4302 (emphasis added). In an earlier case involving the same plaintiff but a different defendant, this Court determined that the “Veterans’ Reemployment Rights Act ... provides that ‘[n]o fees or court costs shall be taxed against any person who may apply for’ benefits under the statute. [] [The Court further determined that by filing a complaint a] ... plaintiff became a person applying for benefits under the statute and, according to the statutory provisions, is exempt from payment of any fees or costs.” Newport v. Ford Motor Co., et al., No. 92-0287-CV-W-3.
Upon further consideration, the Court believes it may have construed the no cost provisions of the statute too broadly.
II.
Section 4302 provides for enforcement of the Act through a private cause of action. It specifies that the Act may be enforced by the filing of a motion, petition or other appropriate pleading in federal district court by a person entitled to the substantive benefits of the Act. 38 U.S.C.A. § 4302.[1] Additionally, the Act provides that upon application to the United States attorney, and if the United States attorney is “reasonably satisfied” that the applicant is entitled to such benefits, he or she shall represent the applicant in seeking compliance of the defendant employer. Id. Section 4302 goes on to state that “no fees or court costs shall be taxed against any person who may apply for such benefits.” Id. (emphasis added).
The plain language of the statute indicates that Congress provided two means of enforcement: (1) a person believing he or she is entitled to benefits under the Act may file a private lawsuit against a non-complying em *1408 ployer; or (2) such person may apply to the United States attorney who, upon a preliminary determination that the person is entitled to benefits, will represent the person in seeking the amicable adjustment of the claim or proceed with litigation. Id. Significantly, Congress chose language freeing those persons from fees or court costs who “apply” for the Act’s benefits.
The Court’s present view is that the choice of such language most probably represents a Congressional choice that only those persons who the United States attorney is reasonably satisfied have meritorious claims are to be relieved of fees and court costs normally associated with advancing litigation. Such a choice represents a principled accommodation between assuring that meritorious plaintiffs be allowed to vindicate their rights regardless of their socioeconomic position and the risk that, absent some preliminary screening mechanism, unprincipled plaintiffs may use the statute to harass or otherwise annoy disliked employers if civil litigation could be advanced with little or no cost or risk that such cost could be assessed.[2]
As noted above, Congress provided that a “person entitled to benefits” under the Act could enforce its provisions by the “filing of a motion, petition, or other appropriate pleading” to require a recalcitrant employer to comply. 38 U.S.C.A. § 4302. Congress went on to provide for enforcement by “application to the United States attorney ... by any person claiming to be entitled to the benefits provided for in [the Act].” Id. “[S]uch United States attorney ..., if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person.” Id. Congress then provided that “[n]o fees or court costs shall be taxed against any person who may apply for such benefits.” Id. (emphasis added). The Court views that by using the phrase “any person who may apply” Congress chose to limit the no taxing provisions to persons seeking to enforce the provisions of the Act by application to the United States attorney. Plainly, Congress did not provide, as it could have, that no fees or court costs shall be taxed against any person seeking or pursuing benefits under the statute, or against any person filing suit under the Act, nor did Congress repeat its earlier language and state that no fees or court costs shall be taxed against any person that by “filing of a motion, petition, or other appropriate pleading” seeks benefits under the Act. Rather Congress limited the no taxing provisions to those persons who “apply for benefits.” The Court cannot simply ignore Congress’s choice to use a particular word or phrase instead of another; indeed, it must attach significance to that choice. Accordingly, the Court’s present thinking is that only those persons who apply to the United States attorney and who the United States attorney is reasonably satisfied are entitled to benefits are entitled to proceed without taxation of fees or court costs.
Having said the above, the Court is concerned with the equity of applying its present view in this case. Plaintiff in this and at least one other ease has been allowed by this Court to proceed, as a private plaintiff under the Act, without payment of fees or court costs.[3] To change the rules on plaintiff midstream would be unfair. As such, the Court will not apply its present thinking to this case but puts the parties on notice regarding the view the Court is likely to take in future cases arising under the Act.
III.
Having determined to allow plaintiff to proceed without payment of “fees or court costs” in this case, the Court turns to what is meant by the phrase “fees or court costs.”
*1409 Through his motion, plaintiff urges that under the non-taxing provisions of the Act he should be relieved from virtually any and all expenses associated with advancing this litigation through and including any appeal. Indeed, plaintiff not only wants to be relieved from such expenses, he desires to have them, in the main, shifted to the defendant and to a lesser degree to the United States. The Court finds no support in the statutory language or the case law for plaintiffs position.
The statute merely states that “[n]o fees or court costs shall be taxed against” persons applying for benefits under the Act. 38 U.S.C.A. § 4302. “Fees and court costs” do not include any and every expense associated with processing a lawsuit. See Hairline Creations, Inc. v. Kefalas, 664 F.2d 652, 655 (7th Cir.1981). “ ‘Costs’ are not to be equated with expenses. They are (with limited exceptions) a term of art defined by [statute], rather than to be measured by chancellor’s foot.” Abbott Laboratories v. Granite State Insur. Co., 104 F.R.D. 42, 43 (D.Ill.1984). Under the Act, the Court concludes that the phrase “fees and court costs” refers only to those items that may be taxed by a Judge or Clerk of the Court. These items are enumerated in 28 U.S.C.A. § 1920 [4] and are not nearly so broad as plaintiff urges. The Eighth Circuit has stated that “[a]bsent explicit statutory or contractual authorization to the contrary, federal district courts may tax as costs only those expenses listed in § 1920. United States v. Hiland, 909 F.2d 1114, 1142 (8th Cir.1990) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)) (emphasis added). Accordingly, the Court concludes that the “fees and court costs” that plaintiff is relieved from being taxed are coterminous with the fees and costs listed in § 1920 and do not include the other normal costs of litigation.
The Court also concludes that the proposition that “[n]o fees or court costs shall be taxed against” the plaintiff in this case is a far cry from plaintiffs request that such fees and costs should be taxed against the defendant. As a general proposition, costs are taxed in favor of the prevailing party. Brecklein v. Bookwalter, 313 F.Supp. 550 (W.D.Mo.1970). At this stage of the instant litigation it is not possible to tell which party will ultimately prevail. As such, under any circumstances, taxing of costs against the defendant would be premature.
CONCLUSION
In light of the discussion above, the Court hereby
ORDERS that the portion of plaintiffs motion that he be free from taxation of those “fees and court costs” normally assessed by the Court or its Clerk is SUSTAINED and GRANTED. The Court further
ORDERS that in all other respects plaintiffs motion is OVERRULED and DENIED.
IT IS SO ORDERED.

. As noted above, the Act provides, in pertinent part:
... |T]he [appropriate] district court of the United States ... shall have the power, upon filing of a motion, petition or other appropriate pleading by the person entitled to the benefits of such provisions, specifically to require such employer to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action....
38 U.S.C.A. § 4302.

. A person desiring to proceed in forma pauperis under 28 U.S.C.A. § 1915 is required by statute to file an affidavit demonstrating that he or she is unable to pay certain fees and costs of the litigation. 28 U.S.C.A. § 1915(a). As a preliminary screen the Court must review the affidavit and determine that the prospective plaintiff’s affidavit satisfies the requirements of poverty. See id.; see also Watson v. Ault, 525 F.2d 886 (5th Cir.1976). As the Veterans’ Reemployment Rights Act does not provide for a similar form of means testing, it seems reasonable to the Court that in its stead Congress provided for a preliminary determination by the United States attorney regarding the vitality of a prospective plaintiff’s claim prior to allowing such person to proceed without payment of fees or costs.

. See Newport v. Ford Motor Co., et al., No. 92-0287-CV-W-3, cited supra.

. Section 1920 provides:
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk or marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.
28 U.S.C.A. § 1920 (emphasis added).