IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20505
Conference Calendar

_____

JULES L. WALTER,

Plaintiff-Appellant,

versus

BROWN AND ROOT, INC.,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 96-MC-202
- - - - - - - - - -
February 20, 1997

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:*

Jules J. Walter seeks <u>in</u> <u>forma</u> <u>pauperis</u> (IFP) status in the appeal of the denial of his motion to proceed IFP in his employment discrimination suit.  To proceed IFP on appeal, Walter must show that he is a pauper and must raise a nonfrivolous issue.  <u>Carson v. Polley</u>, 689 F.2d 562, 586 (5th Cir. 1982).  "The inquiry is limited to whether the appeal involves `legal points arguable on their merits (and therefore not frivolous).'"  <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983).

_____

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

An order denying an application to proceed IFP is immediately appealable and is properly before this court. See Flowers v. Turbine Support Division, 507 F.2d 1242, 1244 (5th Cir. 1975). The denial of IFP status is reviewed for an abuse of discretion. Id. at 1243-44. Whether a party may proceed IFP in the district court is based solely upon economic criteria. Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976). Poverty sufficient to qualify does not require absolute destitution. Adkins v. E.I. du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The central question is whether the movant can afford the costs without undue hardship or deprivation of the necessities of life. Id. at 339-40.

Walter's district-court application to proceed IFP indicates that he could afford the filing fee without undue hardship or deprivation of the necessities of life. Accordingly, the district court did not abuse its discretion when it denied Walter's motion to proceed IFP. As such, Walter fails to raise a nonfrivolous issue on appeal. His motion to proceed IFP in this court is DENIED, and his appeal is DISMISSED. 5th Cir. R. 42.2. Walter's motion for leave to file his brief in its present form is also DENIED.