United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-10157
Conference Calendar

———————————————

CLARENCE RAY BLAYLOCK,

Plaintiff-Appellant,

versus

TIMOTHY REVELL, Dr.; DAVID BASSE,
Medical Doctor; R. PRICE, Warden,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-315
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Clarence Ray Blaylock, Texas prisoner # 732755, appeals the

dismissal of his civil rights complaint as frivolous.  We hold

that the district court did not abuse its discretion in

dismissing the complaint without first affording Blaylock the

opportunity to respond to a <u>Watson</u>[2] questionnaire.

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[2] <u>Watson v. Ault</u>, 525 F.2d 886 (5th Cir. 1976).

We further hold that the district court did not err in its conclusion that the alleged facts did not constitute deliberate indifference to Blaylock's medical needs. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). Blaylock's allegation that Dr. Revell exacerbated his back pain with a chiropractic maneuver states only a claim of malpractice, which is not cognizable in a 42 U.S.C. § 1983 proceeding. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). His allegation that Drs. Basse and Revell displayed deliberate indifference when they refused to continue him on the pain medication that had been prescribed by Dr. Ridge is a disagreement over the type of medical care received, and, therefore, it also does not rise to the level of a constitutional violation. See id. Blaylock has not alleged facts which show that Warden Price was personally involved in any of his medical decisions; recovery pursuant to a respondeat-superior or vicarious-liability theory is not available under 42 U.S.C. § 1983. Baskin v. Parker, 602 F.2d 1205, 1207-08 (5th Cir. 1979).

Blaylock's allegation that Dr. Revell acted with retaliatory motive is conclusional, and conclusional allegations of retaliation are insufficient to withstand dismissal. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

AFFIRMED.