United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60563
Summary Calendar

MELVIN GAMAGE,

Plaintiff-Appellant,

versus

LORENZO CABE, Doctor,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-27-M-D

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Melvin Gamage, Mississippi prisoner #56705, has appealed the district court's order denying his application for leave to proceed in forma pauperis ("IFP") and ordering his 42 U.S.C. § 1983 case closed on the ground that he had failed to exhaust administrative remedies by pursuing relief through the prison grievance system. In his complaint, Gamage alleged that Dr. Lorenzo Cabe was deliberately indifferent to his serious

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical needs during the course of Dr. Cabe's treatment of Gamage's in-grown toenail.

Prisoners who wish to seek relief under 42 U.S.C. § 1983 are required to exhaust their prison administrative remedies prior to filing their complaint irrespective of the type of relief sought. See 42 U.S.C. § 1997e(a); Ferrington v. Louisiana Dep't of Corr., 315 F.3d 529, 531 (5th Cir. 2002). Whether the district court procedurally erred, or did not err, in denying IFP and administratively closing the case on the basis of failure to exhaust, compare Watson v. Ault, 525 F.2d 886, 891-92 (5th Cir. 1976), because the record shows that Gamage had not exhausted his administrative remedies at the time he filed his complaint on February 2, 2004, and because his deliberate-indifference claim is without merit, the error, if any, was harmless. Alexander v. Tippah County, Miss., 351 F.3d 626, 630 (5th Cir. 2003); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). The judgment of the district court is AFFIRMED.

**AFFIRMED.**