# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10262
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2015

Lyle W. Cayce
Clerk

TRACY NIXON,

Plaintiff-Appellant

v.

GREG ABBOTT, Attorney General of the State of Texas,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13:CV-3807

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Non-prisoner pro se litigant Tracy Nixon moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of the 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2). The district court determined that Nixon had failed to allege facts showing Texas Attorney General Greg Abbott's personal involvement in the alleged violation of Nixon's constitutional rights and had not identified any official policy or custom resulting in a denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10262

of Nixon's constitutional rights.  The district court further determined that defendant Assistant Attorney General Gabriela Bendslev was absolutely immune from liability in connection with her prosecution of the enforcement of Nixon's child support obligation.  The district court also denied Nixon's request for the imposition of sanctions against Abbott.  Further, finding that Nixon had persisted in filing frivolous pleadings despite receiving sanction warnings, the district court imposed restrictions on Nixon's future IFP filings.

The district court denied Nixon leave to proceed IFP on appeal and certified that this appeal was not taken in good faith.  By moving to proceed IFP here, Nixon is challenging the district court's certification decision.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into Nixon's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Review of the dismissal of the claims is *de novo*.  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir 2005).

Nixon's arguments that the district court erred in not entering a default judgment, in precluding discovery and sanctions against Abbott, and in not conducting a jury trial are without merit because the district court was authorized to dismiss the IFP civil suit "at any time" based on a determination that the action was frivolous or did not state a claim upon which relief may be granted, or sought monetary relief from an immune defendant.  § 1915(e)(2)(B).  Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint.  *See Watson v. Ault,* 525 F.2d 886, 892 (5th Cir. 1976).  Regarding Nixon's assertion that the district court failed to support the

No. 14-10262

dismissal with factual findings and legal conclusions, the district court conducted a *de novo* review of the portions of record addressed in Nixon's objections, and then adopted the findings and recommendations of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 52(a)(1), (4).

Secondly, Nixon argues that he was protected from incarceration by the Texas Constitution and his pending bankruptcy proceeding and that Abbott and Bendslev violated his constitutional rights by enforcing the child support order and having him found in contempt. Even assuming that Abbott had some personal participation in bringing the contempt proceeding, Nixon has failed to state an arguable basis for a constitutional claim against Abbott or Bendslev.

Prosecutors are absolutely immune from liability under § 1983 for their commencement and presentation of criminal cases on the State's behalf. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citations omitted). Under Texas law, the Office of the Attorney General has been designated to provide child support enforcement functions and services required by the Social Security Act. *Smith v. Abbott*, 311 S.W.3d 62, 68 (Tex. Ct. App. 2010); TEX. FAM. CODE ANN. § 231.001; 42 U.S.C. § 651. Nixon was prosecuted for contempt under these provisions. *See Nixon v. The Office of Attorney General of Texas,* 2013 WL 4781535 *1 (Tex. Ct. App 2013). The Texas law provides for incarceration of a party found in contempt for failure to comply with an enforcement order. TEX. FAM. CODE ANN. § 157.166. The Attorney's General's Office is also authorized to recommend the suspension of a state license held by a child support obligor if it is determined that the obligor owes three months or more of child support and has failed to comply with the repayment schedule. *Smith*, 311 S.W.3d at 68. Thus, the appellees did not engage in ultra vires or unconstitutional acts in filing a motion for contempt in the trial court to enforce the child support

3

obligation which resulted in the trial court ordering Nixon's incarceration and the suspension of his licenses, *See Nixon*, 2013 WL 4781535 *1 (Tex. Ct. App 2013). These acts were performed within the scope of the prosecutorial functions of the appellees and, thus, absolute immunity applies. *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003). Nixon's claims against Abbott and Bendslev have no arguable merit.

Nixon has not challenged the district court's restrictions on his future filings in his brief and thus, he has abandoned that issue on appeal. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993).

Nixon's appeal is without arguable merit and therefore frivolous. *See Howard*, 707 F.2d at 219-20. Accordingly, his motion to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2. Nixon is warned that future frivolous filings will invite the imposition of sanctions, which may include monetary sanctions or restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction. His motion to expedite the appeal is denied.

DENY MOTION TO EXPEDITE APPEAL; IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.