IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10123

Summary Calendar
_____

STANLEY J. STEVENS,

Plaintiff-Appellant,

v.

DR. C.D. ADAMS, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(1:95-CV-12-C)
_____
(May 22, 1995)

Before KING, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Stanley J. Stevens appeals the dismissal under 28 U.S.C. §
1915(d) as frivolous of his prisoner's civil rights action.
Because Stevens' complaint was dismissed without giving him an
opportunity to amend, the questions presented in this appeal
revolve around whether Stevens' allegations are sufficient to
require an opportunity for further factual development. We affirm

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

in part and reverse in part.

Stevens, proceeding pro se and in forma pauperis, filed this civil rights action under 42 U.S.C. § 1983 against Dr. C.D. Adams; D. Moya, Warden of John Middleton Unit, TDCJ; Officer Slaton, a corrections officer; and the State of Texas, alleging that the defendants violated his constitutional rights. He alleged that Dr. Adams diagnosed him as having serious medical problems such as a hernia and a heart murmur; that Dr. Adams failed to give him therapeutic medical attention; that Dr. Adams prescribed Clonidine, a high blood pressure medicine, to cover up his mistakes; and that Dr. Adams insisted that he, Stevens, do work which he cannot perform due to his illnesses. Stevens alleged that Officer Slaton threatens him on a day to day basis with disciplinary action, which "could lead to solitary confinement due to denial of serious medical problems." He alleged that Warden Moya denied all of his grievances from July 20, 1994, to the present, conspiring with other state officials, which he should have known would violate his constitutional rights. Stevens requested to be provided with adequate counsel to protect his civil rights, to be moved to another facility, and monetary damages from the individual defendants.

Without conducting a Spears[1] hearing or requiring Stevens to fill out a questionnaire, the district court dismissed Stevens' complaint as frivolous under 28 U.S.C. § 1915(d). The court stated

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

2

that it reviewed Stevens' answers to the "Watson[2] complaint form," and was of the opinion that the complaint had no basis in law or fact. The district court held that Stevens' allegations against Dr. Adams amounted to allegations of medical malpractice and did not give rise to a claim under § 1983. The court held that his allegations against Officer Slaton did not support a § 1983 claim because threats do not constitute a constitutional violation. The court stated that his allegations against Warden Moya did not have a basis in law, and that he made no allegations against the State of Texas.

Stevens' appellate brief basically restates his complaint, with the added allegations that Dr. Adams placed him on high blood pressure medicine to keep him from seeing a surgeon, and that Officer Slaton insists on prosecuting him with disciplinary actions.

A district court may dismiss an in forma pauperis complaint if it is frivolous, that is, if it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 112 S. Ct. 1728, 1733-34 (1992). A complaint is legally frivolous if it is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A section 1915(d) dismissal is reviewed for abuse of discretion. Denton, 112 S. Ct. at 1734.

The Eighth Amendment's prohibition against "cruel and unusual punishment" protects Stevens from improper medical care only if the care is "sufficiently harmful to evidence deliberate indifference

---

[2] Watson v. Ault, 525 F.2d 886 (5th Cir. 1976)

to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Id. at 105-06. The Supreme Court has recently adopted "subjective recklessness as used in the criminal law" as the appropriate test for deliberate indifference. Farmer v. Brennan, 114 S. Ct. 1970, 1980 (1994). Thus, a prison official or doctor acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 1984. Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Nor is a prisoner's disagreement with his medical treatment sufficient to state a claim under § 1983. Id. However, allegations that prison officials required the inmate to work in violation of medical restrictions, or to do work which aggravates a serious medical condition, and punish the inmate for refusal to work, knowing that a medical condition precludes such work, do state a claim under § 1983. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989); Mendoza v. Lynaugh, 989 F.2d 191, 194 (5th Cir. 1993).

As set out in his complaint, Stevens' allegations are insufficient to state a claim under § 1983. His allegations against Dr. Adams suggest only medical malpractice or disagreement with his medical treatment. See Varnado, 920 F.2d at 321. Because

4

the district court did not conduct any further inquiry into the facts supporting Stevens' claims, Stevens was not given the opportunity to expand on his allegations. The district court implicitly treated Stevens' form complaint as such an opportunity, calling it a "Watson complaint." The Watson panel, however, appended a model form for prisoner civil rights complaints, which was, if necessary, to be followed up by a questionnaire "as a necessary pleading auxiliary, in the nature of a motion for more definite statement, . . . in order that the court may assess the factual and legal bases of the claim asserted." Watson, 525 F.2d at 892. The "Watson questionnaire," as described in that opinion, was clearly viewed as a separate document, to be sent to the prisoner subsequent to the filing of the complaint as "a useful means by which the court can develop the factual basis for the prisoner's complaint." Id.

This court's subsequent references to the "Watson questionnaire" also clearly view it as a separate document designed to "bring into focus the factual and legal bases" of the allegations contained in prisoners' complaints. Spears, 766 at 181; Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Cay v. Estelle, 789 F.2d 318, 323 (5th Cir. 1986); Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991) (Watson questionnaires were "sent to prisoners to elaborate on often less than artfully-drafted pleadings"); Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) (a "*Watson* questionnaire" gives the prisoner the opportunity to expound on the factual allegations of the complaint).

5

Stevens' claims do not fall under the characterization of "pure fantasy or . . . a legally inarguable proposition." See Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994). Stevens suggests that Dr. Adams insisted that Stevens perform work which he could not perform because of his illnesses. If given the opportunity, Stevens could perhaps allege a factual scenario in which Dr. Adams, aware of his medical conditions, deliberately refused to classify him as unable to do certain work which the doctor knew would aggravate his conditions.

Regarding Stevens' claims against Officer Slaton, he alleged that Slaton threatened him with disciplinary action, but did not allege that the threats were actually carried out. The district court was correct that threats are insufficient to state a claim under § 1983. See McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), cert. denied, 464 U.S. 998 (1983). In his brief, Stevens asserts that "Officer Slaton Co III insist [sic] on prosecuting me and being deliberately indifferent with disciplinary actions which is depriving me of my civil constitutional rights which could lead to solitary confinement due to discover seriour [sic] medical problems." Appellant's brief, 2. Stevens also states that the defendants violated his constitutional rights "by makeing [sic] inmate work when in fact unable to do work and receives disciplinary actions and deprivation of civil rights." Id. at 1. This suggests that Slaton may have done more than merely threaten Stevens with disciplinary action. Stevens does not specifically state, in his complaint or his brief, that the disciplinary action

6

was threatened or taken due to his refusal to work for medical reasons, but the inference is there.

Stevens alleged that Warden Moya denied his grievances, but he did not allege <u>any</u> facts - even facts that would support an inference - to show why Moya's actions would violate his constitutional rights. The claims against the warden were, therefore, correctly dismissed. The district court was also correct in noting that Stevens made no allegations against the State of Texas.

Because Stevens' claims against Dr. Adams and Officer Slaton, with further factual development, may survive 28 U.S.C. § 1915(d) scrutiny, the district court abused its discretion in dismissing these claims as frivolous. <u>See</u> <u>White v. Reed</u>, 94-40362 (5th Cir. Aug. 29, 1994) (unpublished; copy attached) (granting IFP and vacating and remanding for further factual development on claims that inmate was required to work in violation of medical restrictions); <u>Eason</u>, 14 F.3d at 10.

The judgment of the district court dismissing Stevens' complaint is AFFIRMED as to Warden Moya and the State of Texas and REVERSED and REMANDED as to Dr. Adams and Officer Slaton.

E. GRADY JOLLY, Circuit Judge, dissenting:

I would affirm.