**Ben HOGAN, Plaintiff-Appellant,**

v.

**MIDLAND COUNTY COMMISSIONERS COURT and Dallas Smith, Sheriff, Defendants-Appellees.**

No. 82–1205
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 22, 1982.

Ben Hogan, pro se.

Before CLARK, Chief Judge, RANDALL and JOHNSON, Circuit Judges.

PER CURIAM:

This is an appeal of an order denying a motion for leave to proceed *in forma pau-*

---

**2.** Inventory search after the impoundment.

*peris.* We vacate the order of the district court and remand for proceedings not inconsistent with this decision.

■ On April 15, 1982, Plaintiff-Appellant Ben Hogan, a prisoner in the Texas Department of Corrections, filed a pro se affidavit in support of a request to proceed *in forma pauperis*, to which was attached a memorandum alleging that his legal and constitutional rights had been violated while he was incarcerated as a pre-trial detainee in the Midland County Jail.[1] Hogan alleged that inmates incarcerated in the Midland County Jail, and pre-trial detainees in particular, are subjected (in the words and type face of his memorandum) to the following:

A. OVER CROWDING

B. NO SMOKING

C. NO COFFEE

D. NO HOT WATER TO SHOWER WITH

E. NO INSIDE OR OUTSIDE RECREATION

F. UNSANITARY AND UNHEALTHY FOOD PREPARATION AND SERVICE AREA

G. INADEQUATE HEALTH CARE

H. ACCESS TO THE COURTS

Hogan alleged that these conditions constituted violations of the eighth and fourteenth amendments to the United States Constitution and of Texas state laws.

The district court denied Hogan's motion for leave to proceed *in forma pauperis*, granting Hogan leave to immediately appeal that decision. The district court stated no reason for its denial of Hogan's motion; it merely stated the following:

On this date came on to be considered Plaintiff's Second Motion for Leave to Proceed in Forma Pauperis. Plaintiff brings this litigation complaining of the denial of his constitutional right to smoke cigarettes, drink coffee, work out with weights and other necessities while he was incarcerated in the Midland County Jail. In the event that Plaintiff desires to continue this litigation, he must pay the requisite costs. His Motion for Leave to Proceed in Forma Pauperis is Denied. Leave to appeal this decision immediately, in the event Plaintiff so desires, is Granted.

28 U.S.C. § 1915(a) provides:

Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

28 U.S.C. § 1915(d) provides:

*The court may* request an attorney to represent any such person unable to employ counsel and may *dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.*

(Emphasis added.) "This circuit has adopted a two-stage procedure for processing a prisoner's *pro se* civil rights complaint filed in forma pauperis under 28 U.S.C. § 1915." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).

First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under section 1915(a). Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees. Second, once leave has been granted, section 1915(d) allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious and spare the defendant the inconvenience and expense of answering a frivolous complaint. *See Mitchell v. Beaubouef*, 581 F.2d 412, 416 (5th Cir. 1978),

---

1. The district court properly treated this pro se memorandum as a complaint. *See, e.g., Jackson v. Mississippi*, 644 F.2d 1142, 1144 (5th Cir. 1981); *Schaefer v. Stack*, 641 F.2d 227, 228 (5th Cir. 1981).

*cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979); *Watson v. Ault,* 525 F.2d 886, 891–92 (5th Cir. 1976). *Id.* Hogan's affidavit indicates, under penalty of perjury, that his last employment was in November 1981, that he has received no money from any other source since that time, and that he owns no cash (including any funds he might have in a prison account) and no valuable property (excluding ordinary household furnishings and clothing). As there was absolutely no basis apparently before the court for concluding that Hogan did not satisfy the economic eligibility criterion, we presume that the district court denied Hogan's motion to proceed in forma pauperis because he believed the action to be "frivolous or malicious." [2] This is further indicated by the district court's listing of only the arguably less substantial claims of deprivation articulated in Hogan's complaint.

"In determining whether a particular prisoner complaint is frivolous or malicious under Section 1915(d), the threshold issue for the trial court is an assessment of the substance of the claim presented, i.e., is there a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir. 1976). A claim is frivolous only if it is without arguable merit both in law and in fact. *Id.* That is clearly not the situation here. While a trial court has wide discretion in denying an application to proceed in forma pauperis under 28 U.S.C. § 1915, it must not act arbitrarily and it may not deny the application on erroneous grounds. *Flowers v. Turbine Support Division,* 507 F.2d 1242 (5th Cir. 1975).

[I]n evaluating the legal sufficiency of a complaint for purposes of § 1915(d), we apply the customary standard enunciated in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), that:

a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Green v. City of Montezuma,* 650 F.2d 648, 651 (5th Cir. 1981). A pro se prisoner complaint, moreover, is governed by "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In addition to the claims cited by the district court, Hogan made claims of overcrowding, inadequate medical care, and unsanitary food preparation. Given the opportunity to develop and expound upon his brief allegations, Hogan may well have been able to prove that his civil rights were violated. *See, e.g., Woodall v. Foti,* 648 F.2d 268, 272 (5th Cir. 1981) (inadequate medical care); *Johnson v. Levine,* 588 F.2d 1378 (4th Cir. 1978) (en banc) (overcrowding); *Sinclair v. Henderson,* 435 F.2d 125, 126 (5th Cir. 1970) (unsanitary food preparation). As Hogan's complaint alleged facts that if proven would at least arguably entitle him to relief, it was premature for the district court to dismiss the complaint without any development of the factual issues in this case. *See Taylor v. Gibson,* 529 F.2d 709, 716–17 (5th Cir. 1976); *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir. 1976). At the very least, Hogan should have been given the opportunity to amend his complaint to provide a more definite statement of the alleged violations.[3]

We recognize the hardships a § 1983 suit may impose upon persons acting for a state. We are aware that a large number of prisoner suits are predicated primarily upon the prisoner's boredom and resentment of authority, and upon investigation

---

2. In *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir. 1976), we stated: "[W]here the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question presented under Section 1915(d) of whether the asserted claim is frivolous or malicious."

3. Alternatively, the district court could have made use of a questionnaire of the type appended in *Watson v. Ault,* 525 F.2d 886 (5th Cir. 1976), or a " 'special report' to be filed by respondent prison or state officials," *id.* at 892 n.7.

are found to lack substantial basis in fact. But judges must balance their misgivings and skepticism about the usual § 1983 prisoner suit against the cold knowledge that in certain instances injustices to prisoners occur in jails and prisons, some of which violate constitutional mandates. Sometimes practices are uncovered shocking even to those most unsympathetic to prisoner rights. Section 1983 in such instances offers the only practical remedy available to the prisoner in such a system; it is the responsibility of the courts to be sensitive to possible abuses in order to ensure that prisoner complaints, particularly *pro se* complaints, are not dismissed prematurely, however unlikely the set of facts postulated. *An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.*

*Taylor v. Gibson, supra,* at 713 (emphasis added).

VACATED and REMANDED.