Daryl GILLESPIE, Plaintiff–Appellant,

v.

Bobby CRAWFORD, et al.,

Defendants.

No. 87–2729

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1987.

Opinion on Granting Rehearing En Banc Feb. 23, 1988.

---

Daryl Gillespie, pro se.

Before GEE, RUBIN and WILLIAMS, Circuit Judges.

PER CURIAM:

Daryl Gillespie is an inmate of the Texas Department of Corrections (the TDC). Gillespie and James Smith, another TDC inmate, filed this action under 42 U.S.C. § 1983. Gillespie and Smith alleged that they were housed in crowded and unhealthy conditions in violation of the eighth amendment's prohibition against cruel and unusual punishments and that as a result they contracted tuberculosis.[1] They asked for injunctive and declaratory relief and damages. The district court held that Gillespie and Smith failed to state a claim under section 1983 and thus dismissed their in forma pauperis suit, prior to service of process, as frivolous pursuant to 28 U.S.C. § 1915(d). Gillespie timely appealed to this court.

## I.

We first note the standard for dismissal of an action as frivolous under 28 U.S.C. § 1915(d). That section allows a district court to dismiss an in forma pauperis suit "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). District courts in this circuit are vested "with especially broad discretion in making the determination of whether an in forma pauperis proceeding is frivolous." *Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir.1986). An in forma pauperis suit is properly dismissed

---

1. Gillespie and Smith also alleged that they have been denied parole because they were under continuing medical care for their tuberculosis.

We take this to have been pled as an element of their damages rather than a separate ground for relief.

as frivolous if: "(1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law and fact; or (3) it is clear that the plaintiff can prove no set of facts in support of his claim." *Id.* at 326. A section 1915(d) dismissal may be made "at any time, before or after service of process and before or after the defendant's answer." *Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir.1986).

At the same time, we have repeatedly held it error to dismiss an in forma pauperis suit as frivolous where the plaintiff has alleged facts that if proven would entitle him to relief. *See, e.g., Hogan v. Midland County Commissioners Court,* 680 F.2d 1101 (5th Cir.1982); *Woodall v. Foti,* 648 F.2d 268 (5th Cir. Unit A June 1981). "[I]t is the responsibility of the courts ... to ensure that prisoner complaints, particularly *pro se* complaints, are not dismissed prematurely, however unlikely the set of facts postulated." *Taylor v. Gibson,* 529 F.2d 709, 713 (5th Cir.1976). In addition, the Supreme Court has instructed that *pro se* complaints are to be construed liberally, rather than be held to the standards expected of lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *see Green,* 788 F.2d at 1119. It is with these considerations in mind that we review the district court's judgment.

## II.

### A.

█ Gillespie and Smith asked for injunctive and declaratory relief in order to remedy the unconstitutionally unhealthful conditions that they alleged to exist in their cell block. The district court dismissed these claims, stating that "under the guidance of the Special Master in the *Ruiz* litigation, the TDC either has corrected or is attempting to correct situations of this type." In *Ruiz v. Estelle,* 503 F.Supp. 1265 (S.D.Tex.1980), *aff'd in part and vacated in part,* 679 F.2d 1115, *amended in part and vacated in part,* 688 F.2d 266 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983), the conditions in the prisons operated by the TDC were found to violate the eighth amendment's ban on cruel and unusual

punishments and a special master was appointed to monitor the implementation of the relief ordered by the court. This circumstance alone, though, does not make any suit challenging the conditions in Texas prisons frivolous and subject to dismissal under section 1915(d).

We held in *Johnson v. McKaskle,* 727 F.2d 498 (5th Cir.1984), that *Ruiz* did not preclude a Texas inmate who allegedly was subjected to cruel and unusual treatment in violation of the eighth amendment from maintaining a section 1983 action seeking injunctive and monetary relief. The district court had dismissed Johnson's suit as being res judicata because he was a member of the *Ruiz* class. We reversed because although Johnson alleged claims similar to those in *Ruiz,* they occurred after the completion of the *Ruiz* trial and therefore could not be res judicata.

The plaintiffs here alleged that the living conditions in their cell block are unconstitutional and in violation of the *Ruiz* court's order. The district court may ultimately find that the conditions are not as claimed, but it is premature to dismiss plaintiffs' suit before service of process on the basis of the *Ruiz* action. Plaintiffs have stated a claim under section 1983.

### B.

The district court dismissed plaintiffs' damages claims on the ground that there was no evidence that the harm suffered was caused maliciously or deliberately as opposed to merely negligently. The court noted that negligent acts by state officials do not implicate the due process clause, citing *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1982). However, plaintiffs' complaint is that the conditions of their confinement violate the eighth amendment rather than the fourteenth amendment's due process clause. Thus the recent Supreme Court decisions limiting section 1983 actions that allege damages resulting from due process clause violations by prison officials are not apposite. Instead, it is necessary to examine what is

required to state a claim alleging cruel and unusual punishment contrary to the eighth amendment.

██ The Supreme Court has held that the "unnecessary and wanton infliction of pain" upon an inmate violates the eighth amendment. *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976). But the standard used to determine whether the pain suffered by an inmate is properly characterized as "unnecessary and wanton" depends on the kind of conduct against which an eighth amendment objection is lodged. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251, 261 (1986). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 319, 106 S.Ct. at 1084, 89 L.Ed.2d at 260. Thus, where the claim is that the inadequate quality of medical care within a prison violates the eighth amendment, it is not enough that the care be merely negligent, but instead it must exhibit "deliberate indifference" to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–06, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976). Where prison security measures are undertaken to quell a disturbance or riot, the standard is even higher: "The question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Whitley*, 475 U.S. at 320–21, 106 S.Ct. at 1085, 89 L.Ed.2d at 261 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom, John v. Johnson*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)).

██ Conditions of confinement, too, can involve the unnecessary and wanton infliction of pain and thus constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). But unlike "conduct that does not purport to be punishment at all" as was involved in *Gamble* and *Whitley*, the Court has not made intent an element of a cause of action alleging unconstitutional conditions of confinement. Prison conditions may violate the eighth amendment even if they are not imposed maliciously or with the conscious desire to inflict gratuitous pain.

██ In this case, Gillespie and Smith alleged that their cell block was overcrowded, had inadequate ventilation and lighting, and was dirt and insect infested. They further maintained that they "repeatedly complained" about these conditions but with no results. They alleged that as a result of these conditions, they contracted tuberculosis. We hold that these allegations are sufficient to state a claim for damages under section 1983.

It may be that after further proceedings plaintiffs will be unable to adequately support their claims or that the defendants will be found to have immunity from suit, *see Adams v. Gunnell*, 729 F.2d 362, 371 (5th Cir.1984). In that case, this action would be dismissible under section 1915(d) or under the Federal Rules of Civil Procedure. However, plaintiffs' petition states a cause of action that it is premature at this point to dismiss under section 1915(d).

### III.

For the reasons stated the judgment of the district court is VACATED and REMANDED for further proceedings.

### ON SUGGESTION FOR REHEARING EN BANC

Before CLARK, Chief Judge, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, and JONES, Circuit Judges.*

BY THE COURT:

A member of the Court in active service having requested a poll on the suggestion of Amicus Curiae, the Attorney General of Texas, for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc.

IT IS ORDERED that this cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs. The mandate heretofore issued is recalled.

* Judge Smith is recused, and therefore did not participate in this decision.