# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 95-60543
(Summary Calendar)

TROY E. COOK,

Plaintiff/Appellant,

versus

SONNY FAULKNER,
     Sheriff of Union County, Mississippi,
and DAVID GRISHAM,
     Chief of Police of Union County, Mississippi,

Defendants/Appellees.

Appeal from the United States District Court
For the Northern District of Mississippi
(3:94-CV-5-S-A)

January 8, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:*

Appellant, Troy E. Cook, appeals the judgment dismissing his civil rights action against Sonny Faulkner, the Sheriff of Union County, Mississippi, and David Grisham, the Chief of Police of Union County, Mississippi, alleging that he contracted tuberculosis from another inmate because the defendants acted with deliberate indifference by making no effort to curb the spread of tuberculosis within the prison. The district court accepted the magistrate judge's recommendation to dismiss the case as frivolous. Because we find that the district court abused its discretion in dismissing the complaint, we reverse and remand this case for further proceedings.

## **FACTS**

Troy E. Cook filed this civil rights claim against Union County Sheriff Sonny Faulkner and Police Chief David Grisham pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his

---

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

constitutional rights by housing him in the Union County jail with inmates who had tuberculosis (TB) and from whom he contracted the disease.

Cook was incarcerated at the Mississippi Department of Corrections from July 1991 until May 1992, when he was granted parole. In July 1992, Cook was arrested for, and subsequently pleaded guilty to, burglary of a dwelling. He was housed at the Union County jail from July 1992 until March 1993, when he was transferred to a state penal facility. Although Cook had tested negative for TB in January 1992, he tested positive for the disease in April 1993. Cook contends that he was infected with the virus during his stay in the Union County jail.

After conducting a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), the magistrate judge issued a report and recommendation, advising that Cook's suit be dismissed as frivolous. The magistrate judge determined that Cook had alleged insufficient facts to support his claim that he had contracted the disease while in jail. Alternatively, even if Cook could prove that he contracted the disease while in the defendants' jail, he had shown nothing more than mere negligence by the defendants, which does not give rise to a valid § 1983 claim.

In his response to the magistrate judge's report, Cook submitted a sworn affidavit, in which he stated that he had communicated with another inmate who had been housed in the Union County jail who "reminded"[1] Cook that there was an inmate, Larry Croking, at the jail who allegedly had TB. Cook alleged that the defendants knew that Croking carried the TB virus, but that they did not test the inmates for the disease or make any effort to prevent the spread of the disease. He contends that this constituted deliberate indifference to his medical needs. He also alleges that the jail officials began screening and testing the inmates only after he filed this suit.

After a review of the record and Cook's objections and affidavit, the district court accepted the magistrate judge's recommendation that the action should be dismissed as frivolous. The court

---

[1] During the Spears hearing, Cook stated that he did not know "in fact" that someone was infected with TB, but that he had heard that people arriving from the jail had tested positive for TB.

viewed Cook's affidavit as supporting rather than undermining the magistrate judge's alternative conclusion that Cook had alleged no more than negligence. Cook timely appealed.

## DISCUSSION

Cook argues that the defendants' "negligence" and lack of training contributed to his injury and constituted deliberate indifference to his medical needs. He contends that he raised a nonfrivolous constitutional claim of deliberate indifference to his medical needs by alleging that the defendants intentionally placed him in a cell with an inmate known to be infected with TB.

A district court may dismiss an in forma pauperis (IFP) complaint as frivolous under § 1915(d) if it lacks an arguable basis in law or fact. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). This court reviews such a dismissal for an abuse of discretion. Denton, 504 U.S. at 33. If it appears "that insufficient factual allegations might be remedied by more specific pleading," this court considers whether the district court abused its discretion by dismissing the complaint without affording any effort to amend. Eason, 14 F.3d at 9.

Denial of medical care to an imprisoned convict is governed by the Eighth Amendment, while denial of medical care to a pretrial detainee is governed by the Fourteenth Amendment .[2] Believing that the present facts possibly demonstrate a constitutional violation under either amendment, we will analyze the case under the more stringent Eighth Amendment standard. The Eighth Amendment's prohibition against "cruel and unusual punishment" protects Cook from improper medical care only if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing

_____

[2]Cook challenges the conditions of his confinement under the Eighth Amendment. Cook was arrested for a new crime while on parole for another offense. In Rankin v. Klevenhagen, 5 F.3d 103, 106 (5th Cir. 1993), this court noted that the fact that Rankin was on parole from an earlier sentence and conviction at the time of his arrest "would seem to warrant review [as a convicted prisoner] under the Eighth Amendment's prohibition against cruel and unusual punishment." However, the violation in Rankin did not require a conclusive determination of this issue. We likewise need not determine which standard is applicable to a pretrial detainee arrested while on parole because the violation alleged here would withstand scrutiny under both the Fourteenth and Eighth Amendment.

3

to take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 114 S. Ct. 1970, 1984 (1994); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994) (applying <u>Farmer</u> to medical claims).  Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a § 1983 cause of action.  <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).

In <u>Wallace v. Dallas County</u>, 51 F.3d 1045 (5th Cir. 1995) (table opinion), Wallace contended that an inmate in an adjacent cell was diagnosed with TB "which placed him in the `foreseeable zone of danger to tuberculosis.'"  Wallace argued that the jail officials should have screened and treated him for TB.  The officials tested and treated all inmates housed in the tank with sick inmates, and Wallace did not allege before the district court that he had requested screening and testing and had been denied.  Given the precautionary measures taken by the officials, this court concluded that the prison officials were not indifferent to the threat of TB.

In the instant case, Cook does not allege that he requested any medical treatment.  He contends, however, that the defendants made no effort to curb the spread of TB, and only began testing and screening for the disease after he filed this suit.  At this early stage of litigation, it does not appear certain that Cook's claim lacks an arguable basis in law or fact even under the more onerous Eighth Amendment scrutiny.  <u>See Gillespie v. Crawford</u>, 833 F.2d 47, 50 (5th Cir. 1987), <u>on reh'g en banc</u>, 858 F.2d 1101, (5th Cir. 1988) (allegations of convicted prisoners that overcrowding, inadequate ventilation, and insect infestation led to the contraction of TB state a claim for damages under § 1983); <u>Helling v. McKinney</u>, 113 S. Ct. 2475, 2480-81 (1993) (exposure to environmental tobacco smoke may give rise to a claim of deliberate indifference).

Cook also complains that the district court failed to give him an opportunity to investigate and substantiate his claims through discovery and to amend his complaint.  Although Cook did not request time to conduct discovery or attempt to amend his complaint, the opportunity to amend a defective complaint should be readily afforded to a pro se plaintiff.  Dismissal is appropriate only if revision could not salvage the deficient complaint, if the plaintiff refuses to amend the complaint, or if the complaint remains deficient after revision.  None of those situations can justify dismissal of

4

Cook's complaint. Consequently, the district court in the present case should have allowed Cook an opportunity to amend his complaint once Cook indicated in his affidavit that the defendants knew that a prisoner housed in the prison had TB but did not take precautionary measures to prevent exposure to other prisoners. The facts alleged in Cook's affidavit probably rise above mere negligence, and probably could cure the deficiencies in Cook's complaint.

Of course, it may be that after further proceedings Cook will be unable to support his claim or that the defendants are entitled to immunity from suit. At present, however, Cook's complaint and affidavit appear to state a cause of action. Dismissal at this juncture was premature. We hold that the district court abused its discretion by dismissing the case without allowing Cook an opportunity to amend his complaint with facts that could establish deliberate indifference.

## CONCLUSION

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings.