# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-30917
Conference Calendar

LEON BOYD

Plaintiff-Appellant

v.

RICHARD STALDER; STATE OF LOUISIANA; WILLIAM EARL HILSTON

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CV-542

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Leon Boyd, Louisiana prisoner # 352412, appeals the dismissal of his 42 U.S.C. § 1983 action with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Boyd argues that the defendants were deliberately indifferent to his medical needs. He argues that he should have received surgery to stop the progression of blindness due to sarcoidosis. He was treated with medication instead and is now blind in his left eye.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court may dismiss an in forma pauperis (IFP) complaint as frivolous under § 1915(e) if it lacks an arguable basis in law or fact.  Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).  We review a § 1915 dismissal as frivolous for abuse of discretion.  Id.

Prison officials violate the Eighth Amendment prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs.  Wilson v. Seiter, 501 U.S. 294, 297 (1991).  An inmate "must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted).  "Deliberate indifference requires actual knowledge and conscious disregard of the risk of harm to the plaintiff."  Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

Boyd was given an opportunity to amend his complaint when the magistrate judge ordered him to provide a more definite statement.  See Hogan v. Midland County Commissioners Court, 680 F.2d 1101, 1103 (5th Cir. 1982).  Boyd has not alleged that the defendants actually knew about his medical condition or consciously disregarded the risk of harm he faced.  The district court did not abuse its discretion in dismissing Boyd's complaint as frivolous.  Because Boyd has not raised an issue of arguable merit, his appeal is frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  As such, it is dismissed.  See 5TH CIR. R. 42.2.

The district court's dismissal of Boyd's action as frivolous and the dismissal of this appeal as frivolous each count as a strike for purposes of § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Boyd is warned that if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; SANCTION WARNING ISSUED.