NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2013[*]
Decided November 21, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3275

| | |
|---|---|
| GREGORY TURLEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 08-cv-0007-SCW |
| | |
| DANNY BEDINGER, et al., | Stephen C. Williams, |
| *Defendants-Appellees.* | *Magistrate Judge*. |

**O R D E R**

Gregory Turley, an inmate at the Menard Correctional Center, appeals from the judgment entered after a jury verdict in his civil-rights suit. He principally contests the district court's pretrial dismissal of two claims (challenging the conditions in his cell and overcrowding in the exercise yard) and the severance of another claim. Because the

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

allegations about the conditions in his cell state a claim, but the other rulings are correct, we affirm in part, and vacate and remand in part.

We begin by describing the allegations of the dismissed and severed claims, which at this stage we take as true. See *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). First, Turley alleges that, in retaliation for complaints he made about mistreatment by the defendant prison guards, those guards transferred him to the cell block at Menard with the worst conditions. The defendants confined him to one of the smallest cells, having only 11 square feet of open space and 38 square feet total, with a cellmate for "at least 23 ½ hours on most days" and at least 17 straight days, with exposure to secondhand smoke and without proper ventilation. The unventilated, tight confinement caused him respiratory, gastrointestinal, joint, and anxiety problems. He also alleges that, while in this unit, he was allowed to exercise only in an overcrowded recreation yard. The yard was so congested that, with all the jostling of prisoners, another inmate punched him, mistaking him for an attacker. Later, Turley was placed in segregation after being found guilty of failing to reenter his cell after dinner while the door was open. Turley had defended the charge by arguing that the door malfunctioned and had not opened in the first place. He alleges that the hearing officer, Jeffrey Broshears, knowingly disregarded Turley's evidence of his innocence.

Turley filed this complaint under 42 U.S.C. § 1983, alleging several Eighth Amendment claims. Among them are his claim that his cell's conditions were unconstitutionally harmful and that the exercise yard was unconstitutionally small. He also brought a claim against Danny Bedinger, a prison guard, for using excessive force by choking Turley and shoving him into a wall, and against Broshears for denying Turley a fair disciplinary hearing. Finally, he brought retaliation claims against other defendants, but these are not subject to this appeal.

After intervening proceedings (in which we reversed the dismissal of Turley's complaint and denial of pauper status based on an improper application of the "three-strikes" rule, see *Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010)), the district judge screened the complaint under 28 U.S.C. § 1915A. The judge dismissed Turley's cell-conditions claim, ruling that Turley did not allege that his cell conditions either caused his ailments or presented any apparent risk to his health or safety. The judge also dismissed Turley's claims about overcrowding in the exercise yard because Turley did not allege that the yard's size deprived him of life's necessities or created a safety risk. The judge concluded, however, that Turley stated a claim for Bedinger's use of excessive force and for retaliation by other guards. Finally, the judge ruled that Turley's

claim against Broshears for approving a faulty disciplinary report was not sufficiently related to the claims against the other defendants, and the judge was thus "inclined to sever" it. The judge advised Turley that he could avoid severance and a second filing fee by voluntarily dismissing the claim. Turley declined, and a few weeks later, the judge severed the claim into a separate action.

The parties consented to having a magistrate judge preside over Turley's remaining claims. The magistrate judge granted either summary judgment or judgment as a matter of law for the defendants on all but one of the surviving claims. On that claim—against Bedinger for excessive force—a jury ruled in Turley's favor. Turley moved to amend the judgment because the jury awarded only nominal damages, but the district court denied the motion.

On appeal Turley first challenges the district court's dismissal of his cell-conditions claim. He disputes the court's conclusion that he did not sufficiently allege that his cell conditions caused his ailments by pointing to the following allegations: his cell is smaller than 40 square feet, there is only 11 square feet of open floor space shared between two inmates, he was confined to this tight space for nearly 24 hours daily up to 17 days straight without regular opportunity for exercise, it lacked adequate ventilation, and he was exposed to secondhand smoke. All of these conditions, he alleged, produced gastrointestinal, joint, breathing, and psychological problems.

In a recent and similar case also involving Turley, we overturned the dismissal of his complaint. *Turley v. Rednour,* 729 F.3d 645 (7th Cir. 2013). Like this complaint, the complaint in *Turley* alleged Eighth Amendment violations by Menard officials for confining Turley to a small cell for an extended period—a confinement that caused him a similar set of maladies. In reversing, we observed that other district courts had correctly determined that other complaints against Menard, alleging that officials had confined prisoners for nearly the entire day to overcrowded, unsanitary cells smaller than 40 square feet, stated a claim. *Turley,* 729 F.3d at 652–53.

This case is sufficiently similar to warrant a like result. A double-bunked 38-square-foot cell is considerably smaller than the double-bunked 63-square-foot-cell found constitutional in *Rhodes v. Chapman,* 452 U.S. 337, 348–49 (1981). Turley has alleged that his tiny, cramped, poorly ventilated cell, exacerbated by his inability to leave it for exercise, caused his joint pain, respiratory difficulty, gastrointestinal problems, and anxiety. These allegations are sufficient to state a valid Eighth Amendment claim. See also *Helling v. McKinney,* 509 U.S. 25, 35 (1993) (secondhand

smoke); *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (exercise is "an identifiable human need"); *Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013) ("poor sanitation and hygiene alongside lack of heat and bedding, blocked ventilation, overcrowding, and inadequate recreation"); *Powers v. Snyder*, 484 F.3d 929, 932 (7th Cir. 2007) (secondhand smoke); *Gillespie v. Crawford*, 833 F.2d 47 (5th Cir. 1987) ("cell block was overcrowded, had inadequate ventilation and lighting, and was dirt and insect infested," inmates complained about conditions, and conditions caused them to contract tuberculosis). Of course, in reinstating this claim we express no opinion about the factual validity of any of its allegations, which require proof, and imply no assessment of any potential defenses to the claim.

Turley next argues that the district court erred by dismissing his exercise-yard claim. He explains that he alleged that he warned officials of the overcrowding and even recited the instance in which he was punched by another inmate who mistook him as an attacker. But even if the exercise yard is crowded, Turley did not allege that the overcrowding at the exercise yard denied him "life's necessities." See *Rhodes*, 452 U.S. at 347. Likewise, even if he told guards that another inmate had accidentally punched him, Turley did not allege that the injury was serious. So the defendants did not know of and disregard the excessive risk that the crowding posed to his health or safety. See *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Accordingly, Turley did not state a claim based on the conditions in the exercise yard.

Finally, Turley argues that the district court abused its discretion by severing his retaliation claim against defendant Broshears. He argues that the claim is inextricable from the claim against Bedinger and that he would suffer prejudice if he brought the claim in a separate action. Severance is appropriate under Federal Rule of Civil Procedure 21 as long as the two resulting claims are "discrete and separate." *Rice v. Sunrise Express*, 209 F.3d 1008, 1016 (7th Cir. 2000); see also *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Broshears's decision to discredit Turley's claim of innocence on the disciplinary charge was unrelated to Turley's other claims against other defendants. Broshears could be liable regardless of whether the other defendants confined Turley in unconstitutional conditions, mistreated him, or retaliated against him. Because the district court could resolve Turley's claim against Broshears without resolving any of the others, the court did not abuse its discretion by severing it. See *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442–43 (7th Cir. 2006); *Rice*, 209 F.3d at 1016.

Accordingly, we AFFIRM the district court's judgment except insofar as we VACATE the district court's order dismissing Turley's conditions-of-confinement claim. We REMAND for further proceedings consistent with this order.