# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2024

Lyle W. Cayce
Clerk

No. 23-40389

———————

Joshua Ray Yeomans,

*Plaintiff—Appellant*,

*versus*

Peace Officer John Valdez, *Aransas Pass Police Department*;
Supervising Officer John Valdez, *Aransas Pass Police Department*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CV-217

———————————————————————

Before Higginbotham, Smith, and Higginson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:*

Appellant Joshua Ray Yeomans filed this suit, *pro se* and *in forma pau-peris,* against Officer John Valdez, alleging claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment and under Texas state law for defamation, slander, and false light invasion of privacy stemming from encounters during two arrests. Yeomans also sued Valdez's unnamed supervisor for

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

failure to train and supervise. Because Yeomans is a prisoner, his claims were screened pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Yeomans's claims were ultimately dismissed with prejudice. We liberally construe his *pro se* brief to us, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), reject each of his three arguments, and AFFIRM.

I.

Yeomans's initial complaint, filed as a state pretrial detainee, alleged that, during a 2020 traffic stop, Valdez violated Yeomans's rights under the Fourth Amendment when he stopped Yeomans without probable cause and falsified a probable cause affidavit. The complaint also alleged that, during a subsequent, 2021 arrest of Yeomans, Valdez defamed, slandered, and invaded Yeomans's privacy by calling him a "known drug dealer." The civil proceedings were stayed until the related criminal proceeding for possession of a controlled substance concluded. When Yeomans was convicted and the related criminal case was no longer pending, the stay was lifted and Yeomans was ordered to provide a more definite statement because his complaint was deficient, which he filed.

The magistrate judge recommended dismissal with prejudice of Yeomans's Section 1983 claims pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because a ruling in Yeomans's favor "would necessarily imply the invalidity of" his criminal convictions, *id.* at 487. Yeomans objected only on the ground that the magistrate judge had not addressed his state-law claims, and the district court adopted the recommendation as to dismissal of the Section 1983 claims with prejudice and recommitted the remaining state-law claims to the magistrate judge. The magistrate judge then recommended that the district court exercise supplemental jurisdiction to dismiss with prejudice the remaining state-law claims as barred by the Texas Tort Claims Act or

decline to exercise supplemental jurisdiction and dismiss those claims without prejudice. The district court adopted the magistrate judge's findings and conclusions, exercised supplemental jurisdiction over the state-law claims, and dismissed them with prejudice. Yeomans timely appealed.

## II.

First, Yeomans contends that the district court erred by failing to give him notice or an opportunity to amend his pleadings before dismissing his Section 1983 claims. Yeomans avers that he would have asserted a "vicarious liability [claim] against the Aransas Pass Police [Department]." Generally, a district court must allow a *pro se* plaintiff an opportunity to amend his complaint to remedy perceived deficiencies before dismissing claims with prejudice. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Yeomans was given an opportunity to do so when the magistrate judge conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and requested a more definite statement from Yeomans of his claims. *See Boyd v. Stalder*, 302 F. App'x 275, 275 (5th Cir. 2008); *see also Hogan v. Midland Cnty. Comm'rs Ct.*, 680 F.2d 1101, 1103 (5th Cir. 1982). This argument therefore fails.

Second, Yeomans argues that the district court "never fully disclosed or ruled upon" his state-law slander per se claim. The district court dismissed this claim pursuant to the Texas Tort Claims Act. The Texas Supreme Court has explained that the Act "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). Under the Act, a Texas government employee is entitled to dismissal of a suit "based on conduct within the general scope of that employee's employment and [that] could have been brought under this chapter against the governmental unit" because such a suit "is considered to be against the employee in the employee's official capacity only." Tex. Civ. Prac. & Rem.

CODE § 101.106(f). "'Scope of employment' means the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5). The district court concluded that, because Valdez made the alleged slanderous remark while arresting Yeomans pursuant to a warrant, "Valdez was working within the scope of his employment at the time of the event." The district court rejected the argument that Valdez was acting outside the scope of his employment because the charge arose in a different jurisdiction within the state, as an arrest warrant "shall extend to any part of the State; and any peace officer . . . into whose hands the [warrant] has been transferred, shall be authorized to execute the same in any county in this State," TEX. CODE CRIM. PRO. art. 15.06. On appeal, Yeomans points to no error therein.

Third, Yeomans contends that the district court violated his procedural due process rights by not "admitting into evidence all body [camera] footage." But the record reflects that no such evidence was presented. Yeomans asked the district court clerk how to subpoena evidence, informed the magistrate judge that body camera footage existed that would prove his claims, asked the district court to "please watch the body [camera] footage of the night of [his arrest]," and reiterated in his objections to the magistrate judge's report and recommendation that body camera footage existed that the district court must view. We reject the argument that the district court should have, in essence, conducted discovery on Yeomans's behalf. *See Schanzle v. Haberman*, 831 F. App'x 103, 107 (5th Cir. 2020).

\* \* \*

For the foregoing reasons, we AFFIRM.