Peter J. PORCARO, Debtor.

Michael O'Rorke and Beth O'Rorke,
Plaintiffs-Appellees,

v.

Peter J. Porcaro, Defendant-Appellant.

BAP NO. MW 15–026
Bankruptcy Case No. 10–45391–CJP
Adversary Proceeding No. 11–04010–CJP

United States Bankruptcy Appellate Panel
of the First Circuit.

March 21, 2016

Heineman,Michael Joseph, Pearl, Scott R., for Plaintiffs–Appellees.

Deasy, Harwood, and Cary, U.S. Bankruptcy Appellate Panel Judges.

### ORDER REGARDING MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

Before the Panel is the Motion for Leave to Proceed on Appeal In Forma Pauperis (the "IFP Motion"), filed by Peter J. Porcaro ("Porcaro"). For the reasons discussed below, the IFP Motion is granted, and the appeal is dismissed, in part.

### BACKGROUND

On April 27, 2015, Porcaro timely appealed, *pro se,* an order denying his motion for summary judgment, and another order granting the cross-motion for summary judgment (collectively, the "Orders") which Michael O'Rorke and Beth O'Rorke (the "O'Rorkes") filed in the adversary proceeding they brought under 11 U.S.C. § 523(a)(6). On that day and the next, Porcaro also filed two Official Forms 17A, Notice of Appeal and Statement of Election. In these three filings, Porcaro did not indicate that he was electing to have

the United States District Court consider his appeal.

On April 30, 2015, Porcaro filed an Amended Official Form 17A, this time indicating that he was electing to have the United States District Court consider his appeal. On May 6, 2015, the Panel entered an order pursuant to 28 U.S.C. § 158(c)(1)(A), denying Porcaro's election as untimely (the "Denial of Election"). On May 13, 2015, Porcaro filed a Motion to the BAP for Reconsideration and Affidavit (the "Reconsideration Motion"), asking the Panel to reconsider the Denial of Election. On May 14, 2015, the Panel entered an order denying the Reconsideration Motion.

The appeal proceeded before the Panel and on February 3, 2016, the Panel entered a Judgment affirming the Orders (the "February 2016 Judgment"). In the accompanying, 24–page opinion (the "February 2016 Opinion"), the Panel explained why the bankruptcy court correctly gave preclusive effect to the O'Rorkes' pre-bankruptcy, state court judgment.[1]

On March 1, 2016, Porcaro filed an appeal of the February 2016 Judgment, the IFP Motion, and his affidavit in support of the IFP Motion (the "Affidavit"). In the IFP Motion, Porcaro identifies the issues on appeal as: (1) whether the Panel "committed an error of law or an abuse of discretion" when it affirmed the bankruptcy court's grant of summary judgment against him; and (2) whether the Panel "committed an error of law or an abuse of discretion when it denied [his] motion to transfer the appeal to be heard by the United States District Court. . . ."

Fed. R.App. P. 24(a) requires that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. Fed. R.App. P. 24(a)(1). Fed. R.App. P. 6(b)(1)(C) provides that where, as here, an "appeal is from a bankruptcy appellate panel, the term 'district court,' as used in any applicable rule, means 'appellate panel.'" Fed, R, App. P. 6(b)(1)(C). Accordingly, the Panel acts on requests to proceed *in forma pauperis* before forwarding an appeal to the First Circuit. *Heghmann v. Indorf (In re Heghmann)*, 324 B.R. 415, 416 n. 1 (1st Cir. BAP 2005).

## DISCUSSION

### I. *The Standard*

#### A. 28 U.S.C. § 1915(a)

"The federal *in forma pauperis* statute, . . . codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (citation omitted). "Toward this end, [28 U.S.C.] § 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia,* that he is unable to pay the costs of the lawsuit." *Id.* That statute provides, in relevant part:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

---

**1.** *O'Rorke v. Porcaro (In re Porcaro),* 545 B.R. 384 (1st Cir. BAP 2016).

28 U.S.C. § 1915(a)(1). The Panel has held that, pursuant to 28 U.S.C. § 1915(a), it has authority to consider a debtor's request to proceed *in forma pauperis* on appeal to the U.S. Court of Appeals for the First Circuit. *In re Heghmann,* 324 B.R. at 420.

■ An application to proceed *in forma pauperis* "must conform to the requirements of 28 U.S.C. [§ ] 1915(a) . . . and include, in affidavit form, the [applicant's] representations of poverty, a statement of the case, and his belief that he is entitled to redress." *Coppedge v. United States,* 369 U.S. 438, 444, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Thus, Fed. R.App. P. 24(a)(1) provides that the *in forma pauperis* applicant must attach to his motion an affidavit that shows his "inability to pay or to give security for fees and costs"; "claims an entitlement to redress"; and "states the issues [he] intends to present on appeal." Fed. R.App. P. 24(a)(1).

■ Under 28 U.S.C. § 1915(a), "the commencement or filing of the suit depends solely on whether the affiant is economically eligible." *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir.1976). "The only determination to be made by the court under [§ ] 1915(a), therefore, is whether the statements in the affidavit satisfy the requirements of poverty." *Id.* (citations omitted). The applicant bears the burden of proving entitlement to *in forma pauperis* relief by a preponderance of the evidence. *In re Stickney,* 370 B.R. 31, 39 (Bankr.D.N.H.2007) (citations omitted). A petition to proceed *in forma pauperis* is granted or denied at the discretion of the court. *See* 28 U.S.C. § 1915; *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337, 69 S.Ct. 85, 93 L.Ed. 43 (1948).

**B. 28 U.S.C. § 1915(e)**

■ "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827. To prevent such abuses, 28 U.S.C. § 1915(e) (formerly 28 U.S.C. § 1915(d)) "authorizes federal courts to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue, or if satisfied that the action [or appeal] is frivolous or malicious." *Id.* (internal quotations omitted); *see also* 28 U.S.C.1915(e)(2)(A)-(e)(2)(B)(i). Because a 28 U.S.C. § 1915(e) dismissal is "an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations." *Denton v. Hernandez,* 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

"The brevity of § 1915([e]) and the generality of its terms have left the judiciary with the not inconsiderable tasks of fashioning the procedures by which the statute operates and of giving content to § 1915([e])'s indefinite adjectives." *Neitzke,* 490 U.S. at 324–25, 109 S.Ct. 1827 (citation omitted). Courts of appeals have, with the Supreme Court's approval, "generally adopted as formulae for evaluating frivolousness under § 1915([e]) close variants of the definition of legal frivolousness which [the Supreme Court] articulated in . . . *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967)." *Id.* at 325, 109 S.Ct. 1827. In *Anders,* the Supreme Court "stated that an appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits." *Id.* (citing *Anders,* 386 U.S. at 744, 87 S.Ct. 1396). Thus, for example, the Eighth Circuit stated "[a] federal court will not grant leave . . . to proceed [*in forma pauperis* ] . . . if it is clear that the proceeding which [the applicant] proposes to conduct is without merit and will be futile." *Gilmore v. United States,* 131

F.2d 873, 874 (8th Cir.1942) (citations omitted).

 Perhaps the most explicit guidance regarding the proper procedures for implementing 28 U.S.C. § 1915(e) and the contours of the term, "frivolous," is set forth in *Watson, supra.* There, the Fifth Circuit stated that "where the [*in forma pauperis* ] affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question presented under [§ ] 1915([e]) of whether the asserted claim is frivolous or malicious." *Watson,* 525 F.2d at 891. With respect to the determination of frivolousness under subsection (e), the Fifth Circuit joined those courts which have adopted the test articulated in *Anders v. California, supra,* and defined "a frivolous appeal as being one without arguable merit." *Id.* at 892. The *Watson* court explained:

> The keystone of [28 U.S.C. § 1915(e) ] dismissal is the court's exercise of discretion.... The focal point of that discretion is the court's duty to satisfy itself that the action is frivolous or malicious. In making that determination, unless it appears as a matter of law, it necessarily follows that the court must ascertain whether there is a factual basis for the`petitioner's suit....

*Id.* at 891. The Fifth Circuit further instructed that "the district court may employ flexibility and creativity in exercising its discretion under" 28 U.S.C. § 1915(e). *Id.* It cautioned, however, "[i]n some cases, even under the broadest and most liberal standard of pleading, the plaintiff may state no cause of action." *Id.* at 891–92. In such instances, "the district court would be correct in dismissing, after filing, such a claim as being facially frivolous under" 28 U.S.C. § 1915(e). *Id.* at 892. Additionally, the First Circuit has ruled that "courts may dismiss *in forma pauperis* complaints *sua sponte* without notice under § 1915(

[e] )...." *Forte v. Sullivan,* 935 F.2d 1, 3 (1st Cir.1991) (citing *Neitzke,* 490 U.S. at 327–28, 109 S.Ct. 1827).

Although the First Circuit has not explicitly adopted *Watson* or otherwise prescribed the precise procedure for the implementation of 28 U.S.C. § 1915, it has nonetheless followed a path that is consistent with the Fifth Circuit's with respect to the *in forma pauperis* statute. For example, in *Watson v. Caton,* 984 F.2d 537 (1st Cir.1993), the First Circuit left intact the appellant's right to proceed *in forma pauperis* which was granted by the district court, but subjected two of the four counts of his complaint to 28 U.S.C. § 1915(e) dismissal. Other courts beyond our circuit have proceeded similarly. *See, e.g., Evans v. Griffin,* No. 7:13–CV–127–FL, 2014 WL 3921356, at *1 (E.D.N.C. Aug. 11, 2014) (where, following a "frivolity review" conducted after allowing the *pro se* plaintiff to proceed *in forma pauperis,* the court dismissed a number of plaintiff's claims); *Harcum v. Leblanc,* Civ. Action No. 09–02512, 2009 WL 2778914, at *4 (E.D.Pa. Sept. 2, 2009) (where the district court granted plaintiff's motion to proceed *in forma pauperis* and dismissed certain of his claims after a 28 U.S.C. § 1915(e) review).

This Panel believes the *Watson v. Ault* approach provides the correct analysis here, as it is consistent with the provisions of 28 U.S.C. § 1915 and *Watson v. Caton, supra,* and we now explicitly adopt it. Accordingly, we first address the issue of Porcaro's indigence for purposes of determining his entitlement to *in forma pauperis* relief, and then advance to a "frivolity review."

## II. *The Standard Applied*

### A. 28 U.S.C § 1915(a): The Indigence Question

 Under § 1915(a), "an affidavit is sufficient which states that one cannot be-

cause of his poverty pay or give security for the costs ... and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339, 69 S.Ct. 85 (internal quotations omitted). The applicant need not "be absolutely destitute to enjoy the benefit of the statute." *Id.* In assessing indigence, relevant factors courts have considered include: "(1) marital status and number of dependents[;] (2) place of residence[;] (3) nature of employment[;] (4) earning potential even though unemployed[;] and (5) efforts to obtain employment." *Benoit v. Lassina (In re Lassina)*, 261 B.R. 614, 618–19 (Bankr.E.D.Pa. 2001) (citations omitted) (internal quotations omitted).

Here, Porcaro's Affidavit, submitted in compliance with § 1915(a), reflects that his expenses exceed his anticipated monthly income (albeit, by $1.00), and that he is unemployed, lives on his social security income, is "in poor health," and has no prospects for employment. Although Porcaro reveals in the Affidavit that he co-owns the real estate where he resides, which he values at $350,000.00, we do not interpret 28 U.S.C. § 1915 to mean that Porcaro is required to liquidate his home in order to pay the administrative fees at issue. As the Supreme Court stated, the "public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Adkins*, 335 U.S. at 339, 69 S.Ct. 85. Accordingly, we are satisfied that Porcaro has sufficiently demon-

strated his indigence to warrant *in forma pauperis* relief.

### B. 28 U.S.C § 1915(e): The Frivolousness Question

Because Porcaro is entitled to appeal *in forma pauperis*, we will proceed to screen his appeal for frivolousness under 28 U.S.C. § 1915(e)(2). *See Grandoit v. Robinson*, C.A. No. 11–11404–JLT, 2013 WL 5512999, at *2 (D.Mass. Sept. 30, 2013). Thus, we are confronted with the question of whether Porcaro's appeal is "based on an indisputably meritless legal theory." *Forte*, 935 F.2d at 3 (citing *Neitzke*, 490 U.S. at 327–28, 109 S.Ct. 1827). We undertake this analysis with the understanding that "not all unsuccessful claims are frivolous," *Neitzke*, 490 U.S. at 329, 109 S.Ct. 1827 (citations omitted), "only those which have no 'rational or arguable basis in law or in fact.'" *Favors v. Garrett*, No. 06–13487–BC, 2006 WL 2711803, at *2 n. 1 (E.D.Mich. Sept. 20, 2006) (quoting *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998)).

 A review of the IFP Motion reveals that the two issues which Porcaro intends to present to the First Circuit include: (1) whether the BAP erred or abused its discretion in affirming the bankruptcy court's grant of summary judgment against him; and (2) whether the BAP erred or abused its discretion in entering the Denial of Election.[2] We will examine each of these issues, in turn, in order to determine whether Porcaro has sustained his burden of presenting a nonfrivolous or colorable issue.

---

**2.** Although Porcaro has made no effort in the IFP Motion to address the merits of his appeal, we do not deny the IFP Motion on that ground, in light of his pro se status. *See Denton*, 504 U.S. at 34, 112 S.Ct. 1728 (stating it would be appropriate for the court of appeals, in reviewing a § 1915 dismissal for abuse of discretion, to consider "whether the plaintiff was proceeding *pro se*") (citing

*Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *see also Hunt v. Connecticut*, Civil Action No. 12–12401–RWZ, 2013 WL 672915, at *3 (D.Mass. Feb. 20, 2013) (stating in conducting preliminary screening under 28 U.S.C. § 1915, "*pro se* pleadings are construed generously") (citations omitted).

### (1) The Appeal of the Order Affirming the Bankruptcy Court's Grant of Summary Judgment

When we affirmed the bankruptcy court's grant of summary judgment in favor of the O'Rorkes in the February 2016 Judgment, we did so based on the preclusive effect of a state court judgment under Mass. Gen. Laws Ch. 93A in subsequent proceedings commenced under 11 U.S.C. § 523(a)(6). Although Porcaro has articulated the issue on appeal in bare bones fashion, we "cannot say with assurance that ... it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." *Haines,* 404 U.S. at 520–21, 92 S.Ct. 594 (citations omitted) (internal quotations omitted). Thus, at this juncture, Porcaro's appeal of the order affirming the bankruptcy court's grant of summary judgment in favor of the O'Rorkes survives 28 U.S.C. § 1915(e) dismissal for frivolousness.

### (2) The Appeal of the Denial of Election

The appeal of the Denial of Election does not fare as well. Porcaro's suggestion that the Panel abused its discretion or committed error when it denied his election is without basis in the law. Fed. R. Bankr.P. 8005(a)(2) provides that "[t]o elect to have an appeal heard by the district court, a party must do so within the time prescribed by 28 U.S.C. § 158(c)(1)." Fed. R. Bankr.P. 8005(a)(2). 28 U.S.C. § 158(c)(1) provides that an established bankruptcy appellate panel will consider an appeal "unless the appellant elects at the time of filing the appeal[.]" Under 1st Cir. BAP LR 8005–1(b)(1), the appellant must indicate the election in the notice of appeal and failure to do so "will result in a waiver of the right of election under 28 U.S.C. § 158(c)(1)."

Porcaro initially filed three notices of appeal, none of which contained an election. A few days later, he filed his Amended Official Form 17A in which he belatedly sought to have the United States District Court consider his appeal. By that time, the election was untimely under the foregoing statute and rules. Any assertion to the contrary is indisputably without merit. *See, e.g., Kasparian v. Conley (In re Conley),* 369 B.R. 67, 72 (1st Cir. BAP2007) (ruling failure to elect contemporaneously with the notice of appeal renders an election invalid).[3] Accordingly, the appeal of the Denial of Election is frivolous and without merit and, therefore, it is **DISMISSED** pursuant to 28 U.S.C. 1915(e)(2)(B)(i).

### CONCLUSION

For the reasons set forth above, the IFP Motion is **GRANTED**. The appeal of the Denial of Election is **DISMISSED**.

---

**3.** This case remains applicable as, although the rules in effect at that time required a separate election, both then and now the rules require that the appellant indicate the election contemporaneously with the filing of the notice of appeal.